**UNITED STATES of America, Plaintiff,**

v.

**Quincy J. CONWAY, Defendant.**

**Cr. A. No. 93–10123.**

United States District Court,
D. Kansas.

June 3, 1994.

Steven K. Gradert, Office of Federal Public Defender, Wichita, KS, David J. Phillips, Office of Federal Public Defender, Topeka KS, for defendant.

Lanny D. Welch, U.S. Atty., Wichita, KS, for plaintiff.

### MEMORANDUM AND ORDER

THEIS, District Judge.

This matter is before the court on the defendant's motion to suppress, Doc. 13. The defendant is charged in a two count indictment with possession of crack cocaine and possession of cocaine. Defendant seeks suppression of all evidence resulting from the warrantless search of a motel room which the defendant was occupying.

The testimony presented at the hearing reveals the following. Wichita Police Officer Mark Barnes was on duty the night of November 16 and early morning hours of November 17, 1993, patrolling the South Broadway area of Wichita. Barnes received information regarding possible sales of crack cocaine at the Courtesy Motel, 803 South Broadway. A man named "Hondu" was allegedly selling crack cocaine out of Room 33 of the Courtesy Motel. Barnes had heard of Hondu before, and was aware that drug and prostitution crimes frequently occurred at the Courtesy Motel. A few minutes after

receiving this information, Barnes and Lt. Loftus went to the motel to follow up on the information.

Barnes and Loftus arrived at the Courtesy Motel at about 1:00 a.m. on November 17. The officers looked for the manager, but could not find her. The officers proceeded to Room 33 and knocked on the door. Barnes testified that they knocked on the door for three to five minutes without receiving a response. Eventually, the defendant Quincy Conway answered the door. Barnes testified that he knew Conway based on Conway's prior dealings with the police. Conway opened the door part way and appeared to be naked.

When asked if Room 33 was his room, Conway responded that it was not. Conway stated that the room belonged to someone named Randy. Conway stated that he was in the room for the purpose of engaging in sexual intercourse with a woman who was also present in the motel room. The officers asked Conway whether Hondu was there. Conway responded that Hondu had been there earlier, but that he was not present in the motel room at that time.

Conway agreed to let the officers in to look for Hondu. Conway attempted to close the door so that he could get dressed. However, Officer Barnes put his foot in the door so that Conway could not shut it completely. Barnes testified that he wanted to keep visual contact for safety reasons.

Conway allowed the officers into the room. Once inside the room, the officers looked for Hondu. The officers did not turn on the lights. Barnes testified that he did not want to embarrass the woman who was present in the room with Conway. The officers used their flashlights and looked in the bathroom and around the main room. When the officers had ascertained that Hondu was not present, Conway told the officers to leave. Barnes testified that at that moment, he noticed a shiny object, which turned out to be a razor blade, on the dresser. Barnes testified that he noticed a white residue on the razor blade and that he suspected it to be cocaine. The razor blade tested positive for cocaine.

Other officers arrived shortly thereafter and conducted a search of the room. Detective Terry Fettke arrived at the motel at approximately 1:15 a.m. Fettke knew Conway and spoke to him about what he was doing at the motel. Conway told Fettke that he came to the motel to be with a woman. Conway denied having any drugs. Fettke testified that Conway gave Fettke permission to look around. Fettke testified that he found two packages of crack cocaine, weighing a total of nine grams, wrapped in a t-shirt. Fettke also found two packages of powder cocaine, weighing a total of six and one half grams. Conway was then arrested.

At least once or twice during the course of events at the motel room, Conway told the officers that the room was not his.

Fettke spoke with the woman who was present in Room 33. She did not know whose room it was. She stated that she and Conway had been in the room for only ten or fifteen minutes before the police arrived. She knew that Conway had a key to the room.

Subsequently, Fettke spoke to the manager of the Courtesy Motel. Room 33 had been registered to Randy Rone. Fettke assumed that the renter of the room had given Conway permission to be in the room.

The defendant Conway testified that he had been at the Courtesy Motel for a party in Room 42. Conway called his female friend and asked her to join him at the motel. Conway testified that he tried to rent a room but there were no vacancies. Conway testified that he saw Randy and that Randy agreed to let Conway use Room 33. Randy told Conway to keep the key. Conway testified that he did not know Randy's last name. Conway testified that he and his friend had been in the room only five minutes before the police arrived. Conway denied knowledge of the presence of drugs in the room. Conway denied giving permission to the officers to enter or to search the room. Conway testified that he did not know who owned the t-shirt in which the drugs were found.

■ Fourth amendment rights to be free from unreasonable searches and seizures are personal and may not be asserted vicari-

ously. *Rakas v. Illinois,* 439 U.S. 128, 133–34, 99 S.Ct. 421, 424–26, 58 L.Ed.2d 387 (1978). A defendant may not challenge a search or seizure unless he demonstrates that his own constitutional rights have been infringed. *United States v. Rubio–Rivera,* 917 F.2d 1271, 1274 (10th Cir.1990). Even if the fourth amendment rights of a third party have been violated, a court may not suppress evidence unless the defendant has met his burden of proving that he had a personal fourth amendment interest that was implicated by the search. *Id.; United States v. Rascon,* 922 F.2d 584, 586 (10th Cir.1990), *cert. denied,* 500 U.S. 926, 111 S.Ct. 2037, 114 L.Ed.2d 121 (1991); *United States v. Erwin,* 875 F.2d 268, 270 (10th Cir.1989).

■ The existence of a personal fourth amendment right depends on whether the individual has exhibited a subjective expectation of privacy and whether that subjective expectation of privacy is one that society is prepared to recognize as reasonable. *Smith v. Maryland,* 442 U.S. 735, 740, 99 S.Ct. 2577, 2580, 61 L.Ed.2d 220 (1979); *United States v. Rascon,* 922 F.2d at 586; *United States v. Rubio–Rivera,* 917 F.2d. at 1274. To decide whether a reasonable expectation of privacy exists, the court should consider concepts of property law, bearing in mind that "arcane distinctions developed in property and tort law between guests, licensees, invitees, and the like, ought not to control." *United States v. Arango,* 912 F.2d 441, 445 (10th Cir.1990), *cert. denied,* 499 U.S. 924, 111 S.Ct. 1318, 113 L.Ed.2d 251 (1991). Although neither ownership nor lawful possession are determinative, they are often dispositive factors. *Id.*

■ A person may have a legitimate expectation of privacy in places other than his or her home. Since the fourth amendment protects persons, not places, its protections follow wherever a person has a legitimate expectation of privacy. *Minnesota v. Olson,* 495 U.S. 91, 96 & n. 5, 110 S.Ct. 1684, 1688 & n. 5, 109 L.Ed.2d 85 (1990). Thus, an overnight guest in the home of a friend or in a hotel has a legitimate expectation of privacy in the premises. *Id.* The court does not take issue with the general proposition argued by the defendant, i.e., that a person may have a reasonable expectation of privacy in a motel room. However, under controlling Tenth Circuit precedent, the court is compelled to find that the defendant did not have a legitimate expectation of privacy in the motel room under the facts of the present case. Therefore, the defendant lacks standing to object to the search of the room.

■ The determination of standing is based upon a two part test: the defendant must show by a preponderance of the evidence that he or she was personally aggrieved by the alleged search and seizure because (1) it invaded his or her subjective expectation of privacy (2) which society is prepared to recognize as reasonable. *United States v. Carr,* 939 F.2d 1442, 1444 (10th Cir.1991).

The reported cases address a variety of scenarios. There is no legitimate expectation of privacy in a parking lot of a motel. *United States v. Ludwig,* 10 F.3d 1523, 1527 (10th Cir.1993). There is no legitimate expectation of privacy in a vacant apartment into which the defendant had fled, even though the defendant asserted that he sometimes slept in the vacant apartment. *United States v. Dodds,* 946 F.2d 726 (10th Cir.1991). The defendant does have standing to challenge search of his girlfriend's house, in which he had lived for some time. The defendant had belongings there, he had a key to the front door, and he had attempted to secure the home with a padlock. *United States v. Donnes,* 947 F.2d 1430 (10th Cir.1991). However, a defendant lacks standing to challenge the search of a motel room registered to a co-defendant. *United States v. Hansen,* 652 F.2d 1374 (10th Cir.1981).

In *United States v. Carr,* the Tenth Circuit found no reasonable expectation of privacy in a motel room which the defendant had occupied for three weeks prior to the search. In *Carr,* the district court had found that the defendant lacked standing to challenge a search of a motel room which he was occupying. The fact that the defendant failed to testify or offer any evidence at the hearing was fatal to his case, since the defendant bore the burden of proof on standing. Subsequent to the hearing and the district

court's denial of the motion to suppress, the defendant submitted an affidavit, which stated that he and his co-defendant Price had been staying in the motel room in question for three weeks prior to the search. The Tenth Circuit discussed other evidence presented at the suppression hearing, which indicated that the room in question was registered to a female who was not present in the room at the time of the search. The Tenth Circuit stated that, even if the rejected affidavit of the defendant was considered, it would show only that the defendant and his co-defendant had occupied the room for about three weeks prior to the search. The Court stated, "That in itself would not constitute a showing of a legitimate expectation of privacy inasmuch as [defendant] Carr did not in anywise demonstrate that the room was registered to him or to [co-defendant] Price or that he was sharing it with someone to whom the room was registered. Important considerations in the expectation of privacy equation include ownership, lawful possession or lawful control of the premises searched." *Carr*, 939 F.2d at 1446.

Pursuant to *Carr*, the defendant lacks standing to object to the search of the motel room. The defendant was not an overnight guest in the motel room. The defendant was not the registered occupant of the room. The defendant told the officers several times that the room did not belong to him. The defendant testified that Randy had given him the key to the room so that the defendant could engage in sexual intercourse with a woman. After the defendant's arrest, the officers determined from the motel's records that the room was registered to another person.

The defendant did not claim that he owned the drugs that were found. "Although ownership of the item seized is not determinative, it is an important consideration in determining the existence and extent of a defendant's Fourth Amendment interests." *United States v. Erwin*, 875 F.2d at 270–71. If the defendant had testified as to his ownership of the cocaine, that testimony could not be admitted as evidence of guilt at trial. *Id.* at 271 n. 5.

The defendant's mere presence in the motel room is insufficient to give him standing to object to the search. Officer Barnes testified that the manager of the Courtesy Motel previously had told the officers to remove people who were not registered guests of the motel. The defendant testified that he was aware that he was not supposed to be in a motel room if he was not registered there. Although the defendant was apparently given permission by the registered occupant of Room 33 to use the room, the court finds this fact to be insufficient to establish a legitimate possessory interest sufficient to confer standing.

The court acknowledges that the defendant was present in the motel room to engage in an activity that most people consider to be very private. The defendant likely had a subjective expectation of privacy, given the nature and purpose of his visit to the motel room. The court must conclude, however, based on *Carr*, that the defendant's subjective expectation of privacy is not one which society is prepared to recognize as reasonable.

**IT IS BY THE COURT THEREFORE ORDERED** that defendant's motion to suppress (Doc. 13) is hereby denied.