The STATE of Ohio, Appellee,

v.

COLEMAN, Appellant.

[Cite as *State v. Coleman* (1997), 118 Ohio App.3d 522.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 70298.

Decided March 3, 1997.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *R. Paul Cushion II,* Assistant Prosecuting Attorney, for appellee.

*Martyn & Associates* and *Sharon L. McDowell,* for appellant.

---

NAHRA, Presiding Judge.

Appellant, George L. Coleman, appeals from his convictions for drug trafficking, in violation of R.C. 2925.03, and possession of criminal tools, in violation of R.C. 2923.24. For the following reasons we affirm the convictions.

In March 1995, Bedford Heights police officers responded to a complaint from the desk manager of the local Ramada Inn. The complaint alleged that someone remained in room 525 past check-out time. Further, it was suggested that the occupants might be involved in drug-related activity.

Room 525 was registered to Wendy Pycar. She had taken occupancy of the room the previous day and her registration card indicated that she was the room's only tenant. Check-out time was twelve o'clock p.m.

The officers arrived at the hotel at approximately two o'clock p.m. Approaching room 525, they noticed that the hallway was smoke-filled. They smelled an

odor consistent with crack cocaine use. The smoke appeared to emanate from room 525.

The officers knocked on the door to room 525 several times. Eventually, a man inside the room asked who was at the door. The police identified themselves. Several minutes later, a woman named April Sauers cracked open the still-chained door. The officers testified that they heard the sound of running water and other activity coming from inside the room.

The officers gained Sauers's consent to enter the room. The room was blanketed with smoke. Coleman sat on a chair in the middle of the room smoking a cigarette. Pycar was not present. Once inside the suite, an officer entered the bathroom to investigate the sound of running water. In the bathroom, the officer noticed a dark plastic bag sitting in the uncovered toilet tank. Peering inside the bag, the officer saw a white powdery substance wrapped in smaller transparent packs. The officer immediately believed the substance to be illegal. Coleman and Sauers were arrested.

The substance discovered in the toilet tested positive as cocaine. Appellant was indicted on three counts. The case proceeded to trial without a suppression hearing. Coleman waived his right to a jury trial and testified on his own behalf. He stated that the room belonged to Wendy Pycar and that she let him use it. He testified that the cocaine was not his and that he went to the hotel room at eleven o'clock that morning in order to "have sex" with Sauers. Although he did claim that he was "slipped something," Coleman denied engaging in any voluntary drug use at the hotel. He stated that the smoke in the room was really steam from the shower. Appellant suggested in the alternative that the smoke was caused by Sauers's attempt to warm chicken with a cigarette lighter. Despite his testimony, the trial court convicted him on all three counts of the indictment. Coleman now appeals and assigns two errors for review.

## I

Appellant's first assignment of error states:

"The trial court committed plain error by admitting evidence obtained by an illegal and warrantless search."

Appellant contends that the trial court should have *sua sponte* excluded the evidence discovered as a result of the officer's warrantless entry into the bathroom. As correctly noted in the assignment of error, we review for plain error since appellant failed to raise this issue timely. Crim.R. 52(B). See, also, *State v. Soke* (1995), 105 Ohio App.3d 226, 255, 663 N.E.2d 986, 1005; *State v. Braxton* (1995), 102 Ohio App.3d 28, 41, 656 N.E.2d 970, 978–979. As we stated in *Soke:*

" 'Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.' " *Id.* at 255, 663 N.E.2d at 1005, quoting *State v. Long* (1978), 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804, paragraph three of the syllabus.

We do not find that the trial court erred in admitting the evidence discovered in the bathroom.

While the Fourth Amendment prohibits unreasonable searches and seizures, it is fundamental that a defendant must have standing to challenge the legality of a search or seizure. *Rakas v. Illinois* (1978), 439 U.S. 128, 133, 99 S.Ct. 421, 425, 58 L.Ed.2d 387, 394; *State v. Coleman* (1989), 45 Ohio St.3d 298, 306, 544 N.E.2d 622, 631–632, certiorari denied (1989), 493 U.S. 1051, 110 S.Ct. 855, 107 L.Ed.2d 849. Indeed, "[t]he Fourth Amendment right to be free from unreasonable searches and seizures cannot be vicariously asserted." *State v. Steele* (1981), 2 Ohio App.3d 105, 107, 2 OBR 118, 120, 440 N.E.2d 1353, 1356. Thus, the threshold inquiry is whether appellant possessed standing to challenge the officers' conduct.

Despite having the burden to demonstrate standing, *State v. Williams* (1995), 73 Ohio St.3d 153, 166, 652 N.E.2d 721, 732–733, certiorari denied (1996), 516 U.S. 1161, 116 S.Ct. 1047, 134 L.Ed.2d 193, Coleman offers only that he had permission to use the hotel room and that he had a subjective expectation of privacy therein. However, the United States Supreme Court in *Rakas, supra,* rejected the "legitimately on the premises" test for determining the scope of Fourth Amendment privacy interests. 439 U.S. at 138–149, 99 S.Ct. at 427–433, 58 L.Ed.2d at 397–405 (eliminating the "brightline" test articulated in *Jones v. United States* [1960], 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697). Rather, a party has standing to address the legality of a search or seizure where he "had an expectation of privacy * * * that society is prepared to recognize as reasonable." *Williams,* 73 Ohio St.3d at 166, 652 N.E.2d at 733. Further, ownership or possession of incriminating evidence does not alone justify a finding of standing. *Rawlings v. Kentucky* (1980), 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633. Instead, the pivotal inquiry is "whether [the defendant] had an expectation of privacy *in the area searched.*" (Emphasis added.) *United States v. Salvucci* (1980), 448 U.S. 83, 93, 100 S.Ct. 2547, 2553, 65 L.Ed.2d 619, 629. In order to resolve this issue, courts have typically employed a totality-of-the circumstances approach. See, *e.g., Williams, supra.*

We find that appellant had no legitimate expectation of privacy in the hotel room. While this court has held that a registered guest of a hotel has the requisite interest in her room, see *State v. Miller* (1991), 77 Ohio App.3d 305, 602 N.E.2d 296, Coleman was not a registered guest. Indeed, the only rightful

occupant of the room was Pycar. Additionally, he was not an overnight guest, rendering inapposite *Minnesota v. Olson* (1990), 495 U.S. 91, 110 S.Ct. 1684, 109 L.Ed.2d 85. He did not pay for the room. Moreover, appellant repudiated any interest in the room and testified that the room "was Wendy's." Last, the period of the tenancy had expired. Under these facts, appellant had absolutely no possessory interest in the hotel room, no property rights therein, and once the tenancy expired, was not even "legitimately on the premises." There is nothing reasonable regarding appellant's asserted subjective expectation of privacy and, accordingly, he lacks standing to challenge the legality of the search.

Our resolution of this appeal is influenced by the Ohio Supreme Court's holding in *Williams, supra.* Therein, the defendant moved to suppress evidence discovered in a friend's apartment. The court stated, at 73 Ohio St.3d at 166, 652 N.E.2d at 733:

"Based upon the record before this court, we cannot say that appellant had a reasonable expectation of privacy. The apartment belonged to someone else; although appellant had some personal items in the apartment, there is no indication that he was staying in the apartment on a regular or even a semi-regular basis * * *."

Because Williams did not demonstrate a sufficient nexus to the apartment, the court determined that he lacked standing to challenge the search. *Id.* at 167, 652 N.E.2d at 733.

Additionally, at least one federal court facing nearly identical facts has similarly held. In *United States v. Conway* (D.Kan.1994), 854 F.Supp. 834, the defendant was convicted for drug possession. With his friend's permission, Conway had gone to the friend's hotel room in order to have sex with a woman he met at the hotel. Police entered the hotel room without a warrant and discovered the presence of drugs. Conway moved to suppress the evidence taken from the hotel room. The district court found that pursuant to *United States v. Carr* (C.A.10, 1991), 939 F.2d 1442, Conway lacked standing to challenge the warrantless search. The court stated, 854 F.Supp. at 838:

"The defendant was not an overnight guest in the motel room. The defendant was not the registered occupant of the room. The defendant told the officers several times that the room did not belong to him. The defendant testified that Randy [his friend] had given him the key to the room so that the defendant could engage in sexual intercourse with a woman.

"* * *

"The defendant's mere presence in the motel room is insufficient to give him standing to object to the search. * * * Although the defendant was apparently given permission by the registered occupant of Room 33 to use the room, the

court finds this fact to be insufficient to establish a legitimate possessory interest sufficient to confer standing." See, also, *United States v. Grandstaff* (C.A.9, 1987), 813 F.2d 1353, 1357, certiorari denied *sub nom. Brown v. United States* (1987), 484 U.S. 837, 108 S.Ct. 119, 98 L.Ed.2d 78; *United States v. Irizarry* (C.A.1, 1982), 673 F.2d 554, 556; *United States v. Wai–Keung* (S.D.Fla.1994), 845 F.Supp. 1548 1561–63; *United States v. Baumwald* (D.Me.1989), 720 F.Supp. 226, 232.

Accordingly, we find that appellant's first assignment of error lacks merit.

## II

Appellant's second assignment of error states:

"The appellant was denied effective assistance of counsel when trial counsel failed to move to suppress or to object to the introduction of evidence obtained through a warrantless search."

Quoting paragraphs one and two of the syllabus from *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, this court in *State v. Young* (Feb. 22, 1996), Cuyahoga App. Nos. 69010, 69011, unreported, 1996 WL 75711, summarized the proper standard of review:

" 'Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. *State v. Lytle* (1976), 48 Ohio St.2d 391 [2 O.O.3d 495, 358 N.E.2d 623]; *Strickland v. Washington* (1984), 466 U.S. 668 [104 S.Ct. 2052, 80 L.Ed.2d 674], followed.

" 'To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsels' [*sic*] error, the result of the trial would have been different.' "

A reviewing court must presume that a properly licensed attorney executes his legal duty to competently represent the client. *State v. Smith* (1985), 17 Ohio St.3d 98, 100, 17 OBR 219, 220–221, 477 N.E.2d 1128, 1130–1131; *State v. Houser* (May 30, 1996), Cuyahoga App. No. 69639, unreported, 1996 WL 284891. A reasonable probability exists where there is a probability sufficient to undermine the reviewing court's confidence in the outcome reached at trial. *Id.*

In the instant assignment of error, appellant claims that his trial counsel provided ineffective assistance of counsel by failing to move to suppress the evidence obtained from the bathroom. However, counsel's failure to advance an incorrect position does not fall below an "objective standard of reasonable

representation." *State v. Stevenson* (Oct. 17, 1996), Cuyahoga App. No. 70137, unreported, 1996 WL 596452. Accordingly, we overrule appellant's second assignment of error.

*Judgment affirmed.*

O'DONNELL and SPELLACY, JJ., concur.