OPINION
On April 23, 2000, a search warrant was executed at a residence located at 308 Elmwood Avenue in Newark, Ohio. Following this search, the Licking County Grand Jury indicted appellant, Jason Giblin, on May 6, 1999 charging him with possession of crack cocaine in violation of R.C.2925.11(A)(C)(4)(b), possession of cocaine in violation of R.C.2925.11(A)(C)(4)(d) and preparation of drugs for sale — cocaine in violation of R.C. 2925.07(A)(C)(4)(c). These charges were assigned Case No. 99CR170. On September 14, 1999, appellant filed several motions to suppress and/or in limine. A hearing was held on September 27, 1999. By judgment entry filed September 29, 1999, the trial court denied said motions. A jury trial commenced on September 30, 1999. Based upon some prejudicial testimony, the trial court granted a mistrial. On October 11, 1999, the Licking County Grand Jury filed a second indictment charging appellant with preparation of drugs for sale — marijuana in violation of R.C. 2925.07(A)(C)(3)(c) and possession of marijuana in violation of R.C. 2925.11(A)(C)(3)(c). These charges were assigned Case No. 99CR380. On November 19, 1999, appellant filed a motion to suppress and a motion in limine. On November 22, 1999, appellant filed a motion to dismiss on double jeopardy grounds. A hearing was held on January 3, 2000. By judgment entry filed January 10, 2000, the trial court denied said motions. A jury trial on all counts commenced on February 28, 2000. The jury found appellant guilty of all charges except for the preparation of drugs for sale — cocaine charge in Case No. 99CR170. By judgment entries filed March 20, 2000, the trial court sentenced appellant to a total aggregate term of eight years in prison. The trial court sentenced appellant to two concurrent sentences on the cocaine counts (Case No. 99CR170) amounting to six years in prison and two concurrent sentences on the marijuana counts (Case No. 99CR380) amounting to two years in prison. The separate sentences were then ordered to be served consecutively. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I. THE TRIAL COURT ERRED WHEN IT PERMITTED PROSECUTORIAL MISCONDUCT IN CLOSING ARGUMENT.
 II. THE TRIAL COURT DENIED APPELLANT HIS CONSTITUTIONAL RIGHTS AS APPELLANT'S SEARCH, SEIZURE AND ARREST WERE ILLEGAL DUE TO A VIOLATION OF APPELLANT'S FOURTH AMENDMENT RIGHTS UNDER THE CONSTITUTION OF THE UNITED STATES AND ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION.
 III. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION IN LIMINE ON AUGUST 13, 1999 AND NOVEMBER 19, 1999 PURSUANT TO O.R.C. § 2941.25(A) AND SENTENCED THE APPELLANT TO ONE YEAR INCARCERATION IN CASE NO. 99CR170 COUNT 1; SIX YEARS INCARCERATION FOR COUNT 2 WHICH WILL RUN CONCURRENT; AND IN CASE NO. 99CR380 TO TWO YEARS INCARCERATION FOR COUNT 1; SIX MONTHS INCARCERATION FOR COUNT 2 WHICH WILL RUN CONSECUTIVELY.
 IV. THE TRIAL COURT VIOLATED APPELLANT'S RIGHTS BY PLACING APPELLANT IN DOUBLE JEOPARDY WHEN THE TRIAL IN CASE NUMBER 99CR170 ENDED IN A MISTRIAL, DUE TO A PROSECUTOR'S WITNESS MISCONDUCT, THEN RETIRED (SIC) THE APPELLANT BY COMBINING CASE NUMBERS 99CR170 WITH 99CR380.
 V. THE TRIAL COURT ERRED BY NOT PROHIBITING THE STATE FROM INTRODUCING IRRELEVANT EVIDENCE WHICH WAS MORE PREJUDICIAL THAN PROBATIVE WHICH IS PROHIBITED BY OHIO RULE OF EVIDENCE 402 AND 403.
 VI. THE TRIAL COURT DENIED APPELLANT HIS CONSTITUTIONAL RIGHTS TO DUE PROCESS OF LAW AS PROVIDED BY THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION, WHERE ITS VERDICT WAS BASED UPON INSUFFICIENT EVIDENCE AS WELL AS BEING AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I
Appellant claims the prosecutor was guilty of prosecutorial misconduct in statements made during closing argument. We disagree. The test for prosecutorial misconduct is whether the prosecutor's comments and remarks were improper and if so, whether those comments and remarks prejudicially affected the substantial rights of the accused. State v. Lott (1990),51 Ohio St.3d 160, certiorari denied (1990), 112 L.Ed.2d 596. In reviewing allegations of prosecutorial misconduct, it is our duty to consider the complained of conduct in the context of the entire trial. Darden v. Wainwright (1986), 477 U.S. 168. Appellant cites to numerous statements made by the prosecutor in closing argument. February 28, 2000 T. at 369, 370, 371, 394, 395, 399. The first three areas concern the issue of appellant's claimed residence on the night in question. We have reviewed these objections and find them to be comments on the evidence; therefore, they are not inappropriate. During the prosecutor's rebuttal argument, the trial court sustained the objections made by appellant and cautioned the jury appropriately. Id. at 394, 396, 397. The last two objections involved comments on the evidence. Id. at 398-400. Although appellant argues these comments constituted misstatements of the evidence, we find they did not rise to the level of misconduct. The trial court specifically instructed the jury that the evidence to be considered did not include closing arguments of counsel, and the credibility of the witnesses was solely within their province. Id. at 404-405. Upon review, we find no prosecutorial misconduct. Assignment of Error I is denied.
 II
Appellant claims the trial court erred in denying his motion to suppress. We disagree. There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are again the manifest weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 486; State v. Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993),86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93; State v. Claytor (1993), 85 Ohio App.3d 623; Guysinger. As the United States Supreme Court held in Ornelas v. U.S. (1996), 116 S.Ct. 1657, 1663, " . . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." During the motion hearing held on January 3, 2000, the trial court ruled appellant had no standing to challenge the search and seizure stating "I do not believe that he [Brett Magwood] gave him [appellant] specific permission to be there. I think this is an after-the-fact situation, and he didn't testify to that at the initial hearing we had, and I, frankly, don't believe him." January 3, 2000 T. at 16. During the hearing on the motion to suppress held on September 27, 1999, appellant argued the search warrant only gave the police the right to search him and any seizure of his personal property was not part of the warrant. September 27, 1999 T. at 10. Appellant argued the police had no right to detain him any further and all items seized from him should be suppressed. Id. at 11. Appellant argued at both hearings that he was an invitee and therefore he had standing to object to the search. Id. at 76-81; January 3, 2000 T. at 13. At the first hearing, the evidence was consistent that appellant was not living at the premises. September 27, 1999 T. at 32, 42, 46. At the second hearing, one of the same witnesses (Mr. Magwood) testified that appellant was at the premises as a guest of his although he was in jail at the time. January 3, 2000 T. at 6-7. Clearly, at least one witness changed his testimony. The trial court was justified in finding Mr. Magwood to lack credibility. At the first hearing in September, all of the evidence argued appellant was not living at the premises, even appellant's own testimony. Therefore, we conclude the trial court was correct in finding a lack of standing to contest the validity of the search warrant. Minnesota v. Olson (1990), 495 U.S. 91; United States v. Conway (1994),854 F. Supp. 834; State v. Williams (1995), 73 Ohio St.3d 153 . The search warrant sub judice listed the address of the premises in question and included the right to search "the contents of all out buildings, and the person of all residents, or other subjects located in the above stated premises at the beginning of the execution of the warrant * * *." See, State's Exhibit B. Clearly appellant was within the purview of the language of the search warrant. Assignment of Error II is denied.
 III
Appellant claims the trial court erred in denying his motion in limine. We disagree. Although styled as a motion in limine, the August 13, 1999 motion filed by appellant was a request to require the state to elect to proceed to prosecution under R.C. 2941.25(A). Two motions filed on September 14, 1999 moved to suppress as evidence plates and photographs taken at the time of the search. This assignment claims a trial on all five counts was error given the fact that R.C. 2941.25(A) mandates that appellant can only be convicted of one count. Appellant was charged in Case No. 99CR170 with violating R.C. 2925.11(A)(C)(4)(b) (possession of crack cocaine), R.C. 2925.11(A)(C)(4)(d) (possession of cocaine), and R.C. 2925.07(A)(C)(4)(c) (preparation of drugs for sale — cocaine). In Case No. 99CR380, appellant was charged with violating R.C. 2925.07(A)(C)(3)(c) (preparation of drugs for sale — marijuana) and R.C. 2925.11(A)(C)(3)(c) (possession of marijuana). Upon conviction, appellant was sentenced on the two charges in the latter case to concurrent sentences to be run consecutively to the sentences imposed in Case No. 99CR170. In said case, appellant was convicted of possessing crack cocaine and cocaine and the sentences imposed were run concurrently. Essentially, the trial court sentenced appellant to concurrent sentences on the marijuana convictions and separate concurrent sentences on the two cocaine convictions. R.C.2941.25(A) governs multiple counts of similar import and states "[w]here the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." As noted, this subsection applies to multiple counts of similar import. Subsection (B) applies to multiple counts of dissimilar import and states as follows: Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
In Case No. 99CR170, appellant was charged with and convicted of possessing crack cocaine in excess of one gram and cocaine in excess of 100 grams. The sentences were run concurrently. In Case No. 99CR380, appellant was charged with and convicted of possessing marijuana in excess of 200 grams and preparation of drugs for sale (marijuana). The sentences were run concurrently with each other but consecutive to the cocaine counts. Upon review, we cannot find that in the abstract the elements of the crimes correspond to such a degree that the commission of one will result in the commission of the other. State v. Rance (1999),85 Ohio St.3d 632. Appellant was not punished twice for the same offense because of the concurrent sentencing in the respective marijuana and cocaine counts. Assignment of Error III is denied.
 IV
Appellant claims the retrial of his case after a mistrial with the filing of a new indictment (Case No. 99CR380) alleging new crimes violated his constitutional guarantees against double jeopardy. We disagree. In State v. Uskert (1999), 85 Ohio St.3d 593, 595, the Supreme Court of Ohio discussed double jeopardy as follows: As this court recognized recently, `the Double Jeopardy Clause of each Constitution prohibits (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense.' Gustafson [State v. (1996)],76 Ohio St.3d at 432, 668 N.E.2d at 441, citing United States v. Halper (1989), 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487, 496.
In our review, we find the mistrial granted during the first trial was not intentional on behalf of the state. During the cross-examination of Detective Paul Cortright, defense counsel specifically inquired as to where he had observed appellant when he first entered the premises and what was around him. September 30, 1999 T. at 114, 116. On redirect, the state attempted to clarify where Detective Cortright first saw appellant as follows:
 Q. On that photograph, can you mark where the defendant was sitting when you came through the residence?
A. Yes, sir.
 Q. And do you have any doubt as to whether or not that's where he was?
A. When I entered that room, that's where the defendant was.
Q. Okay. What's sitting right beside him or under him right there?
 A. There's a black garbage bag tied in a knot. Inside of it was located approximately half a pound of marijuana.
Id. at 121-122.
There was no pretrial motion on the issue of the bag of marijuana. The trial court viewed the testimony about appellant sitting on a bag of marijuana as nonresponsive to the question asked and unintentional. The trial court found the prejudice created by the remark could not be remedied by a jury instruction. Id. at 124. By the second trial, the state had indicted appellant on the marijuana counts and because all counts were tried together, the testimony was permitted. Appellant argues the trial court should have dismissed Case No. 99CR170, the cocaine counts, because of the intentional act of the state in benefitting from the mistrial. Without some proof that the state intentionally created the mistrial, we cannot say that jeopardy had attached. Appellant also argues he is being punished multiple times for the same offense. As we noted in Assignment of Error III, the two indictments involve two different drugs, cocaine and marijuana. Although appellant possessed both in the same location at the same time, they are nevertheless distinctly different offenses. Upon review, we find appellant's rights under the Double Jeopardy Clauses of the United States and Ohio Constitutions were not violated by the retrial of Case No. 99CR170. Assignment of Error IV is denied.
 V
Appellant claims the trial court erred in permitting into evidence State's Exhibits 2A-J, 3A and B, 9, and fingerprint evidence, State's Exhibits 31 and 32. We disagree. The admission or exclusion of evidence lies in the trial court's sound discretion. State v. Sage (1987),31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217 . Appellant argues the evidence should have been excluded because it violated Evid.R. 403(A) which states "although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." Although appellant concedes the evidence is relevant, he argues the photographs, plates and fingerprint evidence were not connected to him therefore, an unfair influence was made to the jury. PHOTOGRAPHS The photographs were State's Exhibits 2A-J and 3A and B. Photographs 3A and 3B were of the room (table and couch area) where the officers first observed appellant when he entered the premises. February 28, 2000 T. at 65, 68, 70. These photographs were clearly admissible. Photographs 2A-J were of an upstairs rear bedroom. Id. at 71-73. In this bedroom was a locked safe where cocaine, cocaine hydrochloride and cash were found. Id. at 82. Documents addressed to appellant were also found in this bedroom. Id. at 86. Because of appellant's documents being located in the same area as the safe as the photographs depict, and because appellant was charged with possession for sale, we cannot find the admission of these photographs violated Evid.R. 403(A). PLATES A regular dinner plate (State's Exhibit 9) was found in the upstairs rear bedroom (State's Exhibit 1) with crack cocaine located on the plate. Id. at 84. Along with the plate was a spoon and a razor blade. Id. The plate could be used to prepare the cocaine for distribution along with the spoon and razor blade as common instruments for distribution. Id. We find this evidence also qualifies under Evid.R. 403(A) and we find no unfair prejudice to appellant through its admission. FINGERPRINTS The state presented testimony that appellant's fingerprints were identified in the upstairs rear bedroom. Id. at 210. As already noted, this bedroom was where drugs, money and distribution instruments were found. Id. We find no error in admitting the fingerprint exhibits or the testimony thereon given appellant's position that he was merely a visitor at the premises. Assignment of Error V is denied. VI Appellant claims his conviction was not supported by the manifest weight of the evidence. We disagree. On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. Appellant argues there was no direct evidence that any drugs, marijuana and/or money were taken from him, nor were there any witnesses to substantiate he sold drugs. Appellant argues there was insufficient evidence to establish that he possessed any drugs and/or marijuana as defined in R.C. 2925.01(K) as follows: `Possess' or `possession' means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found.
When the search warrant was executed, appellant was at the premises, seated on a couch in the living room. February 28, 2000 T. at 64-66. In front of appellant on a coffee table were digital scales (used in drug distribution) and a set of keys on a red key chain. Id. at 75-76. At appellant's foot was a bag of marijuana. Id. at 77. Said bag contained appellant's fingerprints. Id. at 227. The locked safe in the upstairs rear bedroom was unlocked with the keys from the coffee table. Id. at 81. As already noted, inside the safe cocaine, cocaine hydrochloride and cash were found. Id. at 82. The keys also locked and unlocked the bedroom door. Id. at 96. The keys were found in the immediate proximity of appellant at the time of the raid and appellant had been seen with similar keys. Id. at 75, 96, 157. Also in the bedroom was a plate with cocaine, and a spoon and razor blade used for cutting and distributing cocaine. Id. at 84. Appellant's fingerprints were on the plate. Id. at 226. Also found in this bedroom were personal papers and a prescription bottle belonging to appellant. Id. at 86, 88, 93, 94. Other items found in the bedroom (goggles, CD, scanner code, baggies for drug distribution) contained appellant's fingerprints. Id. at 226. Although there was no direct evidence implicating appellant to the crimes, all of the circumstantial evidence pointed to appellant. The fingerprints of the other occupant of the premises were not on any of the drug related items tested, nor did this occupant's keys open the safe or the door of the upstairs rear bedroom. Id. at 97. These facts excluded any alternative inference based upon mere presence on the premises. The upstairs rear bedroom was the site of the cocaine related drug items and appellant's personal belongings were found in this bedroom. Further, appellant was seated next to the bag of marijuana and was within reach of the safe/bedroom keys and scales. Upon review, we find sufficient credible evidence to support appellant's convictions and no manifest miscarriage of justice. Assignment of Error VI is denied.
The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
 ____________________ Farmer, J.
Gwin, P.J. and Wise, J. concur.