OPINION
Defendant-appellant, Joey Eldridge, appeals his conviction in the Warren County Court of Common Pleas for harassment by an inmate. We affirm the decision of the trial court.
Appellant is an inmate at the Lebanon Correctional Institution. On November 1, 1999, appellant was brought before the Rules Infraction Board on charges of violating the rules of the institution. After conducting a hearing on the matter, the three-member board determined appellant was guilty. When appellant approached the board members to sign paperwork related to the hearing, he spat in the face of Lt. Steven Lyons, chairman of the Rules Infraction Board.
Appellant was indicted on one count of harassment by an inmate in violation of R.C. 2921.38(A). A jury found appellant guilty as charged. Appellant appeals his conviction and raises one assignment of error for review:
 APPELLANT WAS PROVIDED WITH INEFFECTIVE ASSISTANCE OF COUNSEL.
 In his assignment of error, appellant claims he was denied effective assistance of counsel for two reasons. First, appellant maintains that his trial counsel committed a significant error by failing to object to Lt. Lyon's testimony regarding testing for hepatitis and the human immunodeficiency virus ("HIV"). Second, appellant argues that his trial counsel erred by failing to timely offer to the trial court a jury instruction on double jeopardy.
To establish a claim of ineffective assistance of counsel, appellant must first show that his counsel's actions were outside the wide range of professionally competent assistance. Strickland v. Washington (1984),466 U.S. 668, 687, 104 S.Ct. 2052, 2064. Second, appellant must demonstrate that he was prejudiced at trial as a result of counsel's actions. Id. at 689, 104 S.Ct. at 2065. To demonstrate prejudice, appellant must prove that, but for counsel's actions, there is a reasonable probability that the result of the proceeding would have been different. Id. at 694, 104 S.Ct. at 2068.
A strong presumption exists that licensed attorneys are competent and that the challenged action is the product of a sound trial strategy and falls within the wide range of reasonable professional assistance. Statev. Bradley (1989), 42 Ohio St.3d 136, certiorari denied (1990),497 U.S. 1011, 110 S.Ct. 3258. "Judicial scrutiny of counsel's performance is to be highly deferential, and reviewing courts must refrain from second-guessing the strategic decisions of trial counsel." Statev. Carter (1995), 72 Ohio St.3d 545, 558.
First, appellant claims that his trial counsel's failure to object to Lt. Lyon's testimony regarding HIV and hepatitis tests had a prejudicial effect on the jury. At trial, Officer Lyon's testimony about the tests was as follows:
 Q: [by the state] As a result of [being spat upon], did you seek any medical attention or any medical testing?
A: I've had two HIV tests and a hepatitis test.
 Failure to make objections does not automatically constitute ineffective assistance of counsel, as that failure may be justified as a tactical decision. State v. Gumm (1995), 73 Ohio St.3d 413, 428. Appellant fails to demonstrate why his counsel's failure to object to the testimony was nothing more than a tactical decision. Nor has appellant demonstrated how counsel's objections to the testimony would have led to the exclusion of evidence that would have affected the outcome of the trial. There was no testimony about the results of those tests; only that Lt. Lyons sought particular medical testing after being spat upon. Culpability under R.C. 2921.38(A) does not require the offender to be a carrier of HIV or hepatitis.[1] Yet, Lt. Lyon's concern that appellant's saliva may have carried HIV or hepatitis pathogens tends to show Lt. Lyons felt alarmed or harassed, which are relevant considerations for culpability under R.C. 2921.38. Consequently, trial counsel's failure to raise the objections does not amount to ineffective assistance of counsel.
Second, appellant claims that he was denied effective assistance of counsel because his trial counsel did not timely offer a proposed jury instruction about double jeopardy to the trial court. Appellant's unarticulated argument is that the prohibition against double jeopardy prevents his criminal prosecution for harassment by an inmate because he was subjected to four months of "local control" at the institution for his conduct.
Counsel's failure to advance an incorrect position does not fall outside the wide range of professionally competent assistance. State v.Coleman (1997), 118 Ohio App.3d 522, 527-28. The constitutional guarantees against double jeopardy do not preclude criminal prosecution for the same conduct for which prison authorities have imposed administrative sanctions. State v. Thompson (1999), 132 Ohio App.3d 755,758; State v. Keller (1976), 52 Ohio App.2d 217, 218-19. Therefore, appellant's trial counsel was not ineffective for failing to timely file a request for a legally incorrect jury instruction.
Neither of appellant's claims for ineffective assistance of counsel involve conduct that falls outside the wide range of professionally competent representation. Therefore, appellant's trial counsel was not ineffective. Appellant's assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.
[1] R.C. 2921.38 provides:
 (A) No person who is confined in a detention facility, with intent to harass, annoy, threaten, or alarm another person, shall cause or attempt to cause the other person to come into contact with blood, semen, urine, feces, or another bodily substance by throwing the bodily substance at the other person, by expelling the bodily substance upon the other person, or in any other manner.