OPINION
{¶ 1} Charles Kenneth Moore appeals from a judgment of the Montgomery County Court of Common Pleas, which found him guilty upon a no contest plea of possession of cocaine. Specifically, Moore appeals from the trial court's denials of his two motions to suppress evidence. The trial court sentenced him to a two year term of incarceration.
 {¶ 2} The facts and procedural history of the case are as follows:
 {¶ 3} In the early morning hours of November 30, 2002, the police were called to the Days Inn at 3636 North Dixie Drive because the occupants of room 16 were disturbing other residents. A hotel employee requested that the occupants of the room be "trespassed," which meant that they would be told by the police to leave the premises and would be treated as trespassers subject to arrest if they returned. As Montgomery County Sheriff's Deputies Feehan and Henson stepped in front of the door to room 16, a woman exited the room, and the deputies permitted her to leave. They later learned that this woman was Tondra Jones, the woman who had rented the room. As Jones left, Deputy Feehan saw a woman named Stacey Patterson inside the room. Feehan knew that Patterson was already on the trespass list for the hotel, and he tried to enter the room to arrest her. Darren Chinn, another occupant of the room, unsuccessfully attempted to slam the door to prevent the deputies from entering and directed profanities toward the officers.
 {¶ 4} After the deputies forced their way into room 16, they arrested Patterson for trespassing and Chinn for obstruction. They asked Moore, who was lying on top of the bed, for identification. Moore indicated that his identification was across the room on the television stand, and he got up from the bed to retrieve it. When he got up, Deputy Feehan observed a "folded up" dollar bill with a "large bulge" in it directly beneath where Moore had been lying. Based on his experience, Deputy Feehan knew that crack cocaine is often carried in folded-up dollar bills like the one he observed. Deputy Feehan picked up the bill, confirmed that it contained cocaine, and arrested Moore. At the jail, additional cocaine was found on Moore's person.
 {¶ 5} Moore was indicted for possession of crack cocaine and entered a plea of not guilty. Moore subsequently filed two motions to suppress evidence. The first motion, filed on March 13, 2003, challenged the search of the hotel room without a warrant and without any exigent circumstances. Moore argued that, because the search was unlawful, all evidence obtained as a result of his illegal arrest should have been suppressed. After conducting a hearing, the trial court overruled this motion on the ground that Moore lacked standing to challenge the search of the hotel room. On October 22, 2003, Moore filed a second motion to suppress in which he claimed that the statements he made to law enforcement officers had been involuntary because he had not been fully informed of his rights. The trial court conducted a second hearing, and it overruled this motion to suppress as well.
 {¶ 6} Moore subsequently changed his plea to no contest. He was found guilty of possession of crack cocaine in an amount greater than 10 grams but less than 25 grams, in violation of R.C. 2925.11(A), a felony of the second degree. He was sentenced to two years of incarceration.
 {¶ 7} Moore raises two assignments of error on appeal.
 {¶ 8} "The trial court erred in finding that appellant had no standing to challenge the search of the motel room"
 {¶ 9} Moore claims that, as an overnight guest in the hotel room, he had a reasonable, constitutionally protected privacy interest in the hotel room. As such, he claims that he had standing to challenge the deputies' warrantless search of the room.
 {¶ 10} The Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution secure an individual's right to be free from unreasonable searches and seizures. Warrantless entry by law enforcement personnel into premises in which an individual has a reasonable expectation of privacy is per se unreasonable, unless it falls within a recognized exception to the warrant requirement. Minnesota v.Olson (1990), 495 U.S. 91, 110 S.Ct. 1684, 109 L.Ed.2d 85;State v. Miller (1991), 77 Ohio App.3d 305, 602 N.E.2d 296. A criminal defendant is not required to have an ownership or possessory interest in premises in order to have standing to complain of a Fourth Amendment violation with respect to a law enforcement officer's entry into those premises; a defendant is only required to have a reasonable expectation of privacy in those premises. Olson, 495 U.S. at 95. A subjective expectation of privacy is insufficient; in order to have standing to challenge the legality of a search, a person must have an expectation of privacy that society is prepared to recognize as reasonable. State v. Williams (1995), 73 Ohio St.3d 153, 166,652 N.E.2d 721.
 {¶ 11} The trial court relied upon State v. Coleman (1997),118 Ohio App.3d 522, 693 N.E.2d 825, in concluding that Moore had "no standing to assert any Fourth Amendment rights." Coleman
held that the defendant, who was neither a registered guest of the hotel nor an overnight guest of someone who had registered, had not had a reasonable expectation of privacy in the hotel room. Coleman had entered the room of a friend for a daytime sexual encounter. Moore attempts to distinguish Coleman on the ground that Moore was an "overnight guest."
 {¶ 12} The trial court found that Moore had come to Room 16 of the hotel from his home in Trotwood for the purpose of a party. Latrina, a woman with whom Moore had had sexual relations from time to time, had been in the room earlier in the evening but was not there when the deputies arrived. Moore claimed that he had been invited by Tondra, the registered guest, to stay overnight in the room with Latrina. He had not brought any personal belongings to the room, and the trial court found that Moore had neither rented the room, paid for the room, nor had access to the room with a key or a key card.
 {¶ 13} In our view, Moore's case is analogous to Coleman,
notwithstanding the differences in the time of day. Moore makes much of the fact that he was an "overnight guest" and that Coleman's tryst was during the day, but we find this distinction to be insignificant. Although it was 2:45 a.m. when the deputies arrived, Moore was not sleeping in the room, and there was no indication from his activities that he intended to do so. The bed was made. Other people were in the room with him, and there was so much noise coming from the room that a hotel employee had called law enforcement personnel to remove the occupants. Moore had no personal effects with him, and the girlfriend with whom he allegedly intended to spend the night was not present. He had not paid for the room and did not have a key to the room. The person who had rented the room was not even present. Under these circumstances, the trial court reasonably concluded that Moore "did not have an expectation of privacy that society is preparedto recognize as reasonable." (Emphasis sic.)
 {¶ 14} The first assignment of error is overruled.
 {¶ 15} The evidence gained against appellant from the illegal, warrantless entry of the motel room should have been suppressed."
 {¶ 16} Moore contends that the drugs were illegally seized in the hotel room and that, as such, his subsequent statements and the additional drugs that were discovered at the jail should have been suppressed. Moore argues that the drugs were illegally seized at the hotel, because the deputies did not have a warrant and because it could not have been immediately apparent to Deputy Feehan that the dollar bill on the bed was incriminating. Assuming, for the sake of argument, that Moore has standing to challenge a search of the hotel room, see Minnesota v. Carter
(1998), 525 U.S. 83, 91, 119 S.Ct. 469, 142 L.Ed.2d 373 (where the defendant lacked standing, the court need not determine whether the police officer's conduct constituted a search), we find no fault with the seizure of the dollar bill and the drugs, pursuant to the plain view doctrine.
 {¶ 17} The plain view exception authorizes the seizure, without the necessity of a search warrant, of an illegal object or contraband that is immediately recognizable as such when it is in plain view of a law enforcement official. Coolidge v. NewHampshire (1971), 403 U.S. 443, 465-466, 91 S.Ct. 2022,29 L.Ed.2d 564; State v. Davie (1993), 86 Ohio App.3d 460, 464,621 N.E.2d 548. See, also, Horton v. California (1990),496 U.S. 128, 136-137, 110 S.Ct. 2301, 110 L.Ed.2d 112. "Under [the plain view] doctrine, an officer may seize an item without a warrant if the initial intrusion leading to the item's discovery was lawful and it was `immediately apparent' that the item was incriminating." State v. Waddy (1992), 63 Ohio St.3d 424, 442; see also State v. Kinley (1995), 72 Ohio St.3d 491. Notably, the officer need not know that the items in plain view are contraband or evidence of a crime; it is sufficient that probable cause exist to associate the property with criminal activity.Arizona v. Hicks (1987), 480 U.S. 321, 326, 107 S.Ct. 1149,94 L.Ed.2d 347.
 {¶ 18} In the present case, the officers were legitimately in the hotel room because they were effectuating arrests for misdemeanor offenses that had occurred in their presence, for which they did not need a warrant. See State v. Johnson, Greene App. No 2001-CA-55, 2001-Ohio-1924. At the suppression hearing, Deputy Feehan testified that, when Moore got up from the bed, he had observed a rolled or folded up dollar bill lying on the bed where Moore had been. Deputy Feehan stated that the bill "had a large bulge in it" typical of carrying crack cocaine, and that he was familiar with this method of carrying cocaine from his experience. He said he "knew exactly what it was" because he had arrested others carrying crack cocaine this way. He also testified that it was common to get calls from this hotel about drug activity and prostitution.
 {¶ 19} The trial court reiterated Feehan's testimony in its findings of fact, and this testimony was undisputed. As such, we believe that the trial court credited this testimony. This evidence supports the conclusion that, based on his experience, Deputy Feehan had had probable cause to believe that the dollar bill, which was folded in a particular manner and had a large bulge in it, was associated with criminal activity. Accordingly, the bill was properly seized pursuant to the plain view doctrine, and the trial court properly overruled Moore's motion to suppress the statements and drugs that resulted from this seizure.
 {¶ 20} The second assignment of error is overruled.
 {¶ 21} The judgment of the trial court will be affirmed.
Fain, P.J. and Brogan, J., concur.