The STATE of Ohio, Appellant,

v.

DAVIE, Appellee.

[Cite as *State v. Davie* (1993), 86 Ohio App.3d 460.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 63993.

Decided Feb. 22, 1993.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Edward F. Feran,* Assistant Prosecuting Attorney, for appellant.

*William T. Doyle,* for appellee.

*Per Curiam.*

The state appeals from a motion to suppress evidence granted in favor of appellee, Michael Davie. At about 10:20 p.m. on August 15, 1990, Michael was stopped by Cleveland police officers at an intersection on East 102nd and Winchester, in Cleveland, Ohio. The officers observed a man leaning over against Michael's car window and holding a conversation with him. The officers approached the vehicle and stopped it because it was in the middle of an intersection, and the man leaning over the window fled as the police approached. Michael was not cited for any traffic violation. When the officers walked to Michael's car one officer found nothing on the seat next to him. Michael was then ordered to exit the vehicle. When he exited the vehicle the officers observed a folded brown paper bag and retrieved it from the car. They opened the paper bag and found what they suspected was a piece of crack cocaine and Michael was immediately put under arrest for drug law violation. Michael's car was impounded. The next day the detectives went to the impound lot and opened the vehicle and discovered more cocaine.

The United States Supreme Court held in *Henry v. United States* (1959), 361 U.S. 98, 102-104, 80 S.Ct. 168, 171-172, 4 L.Ed.2d 134, 138-139, that:

"[A] search without a warrant is, within limits, permissible if incident to a lawful arrest, if an arrest without a warrant is to support an incidental search, it must be made with probable cause." *Id.* at 102, 80 S.Ct. at 171, 4 L.Ed.2d at 138-139. "Probable cause exists if the facts and circumstances known to the officer *warrant a prudent man* in believing that the offense has been committed." (Emphasis added.) *Id.* at 102, 80 S.Ct. at 171, 4 L.Ed.2d at 138. "*To repeat, an*

*arrest is not justified by what the subsequent search discloses."* (Emphasis added.) *Id.* at 104, 80 S.Ct. at 172, 4 L.Ed.2d at 139. See, also, *Rawlings v. Kentucky* (1980), 448 U.S. 98, 111, 100 S.Ct. 2556, 2564, 65 L.Ed.2d 633, 645; *Johnson v. United States* (1948), 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436; *Commonwealth v. Trenge* (1982), 305 Pa.Super. 386, 403, 451 A.2d 701, 710, fn. 8.

This court in *State v. Ball* (1991), 72 Ohio App.3d 43, 46, 593 N.E.2d 431, 433-434, held that:

"In order to conduct a lawful investigatory stop, the investigating police officer must be able to point to specific and articulable facts which when taken together with rational inferences from those facts reasonably warrant the investigatory stop. *Adams v. Williams* (1972), 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612; * * *." See, also, *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889.

The state, in an attempt to support its action, made the following arguments:

"In the case at bar, the stop of the defendant was clearly reasonable under the circumstances. He was parked idling in an intersection. An individual was observed leaning in the window and conducting what appeared to be a transaction with the driver. It was nighttime and the officer testified that the area is known for its drug activity.

"As the police approached the vehicle, the individual leaning in the driver's window turned and ran.

"After the defendant was ordered out of the vehicle, the police located in plain view the cocaine (Tr. 19). The vehicle was towed, and the police inventoried it at the impound lot the next day. This was the first reasonable opportunity the police had to inventory the car." (Citations omitted.)

Judge Dyke, writing for the majority in *State v. Arrington* (1990), 64 Ohio App.3d 654, 582 N.E.2d 649, noted that it cannot be considered an illegal act to have four males assemble by a car and engage the occupant in conversation in a drug activity area. In the same decision this court concluded that:

" * * * It is not unreasonable for a young, black male living in a neighborhood with drug sales and liable to be stopped to run when approached by a police car whose officers assume a drug sale whenever someone speaks to someone in a car and believe the mere act of congregating justified a seizure.

"This is not to deny the reality the officers face in combating the drug sellers. But although drugs are often sold to occupants of cars by people who gather near them it is just as likely that those merely by a car are engaged in an innocent activity as it is that they are engaged in an illegal one. *The actions of the residents of drug 'supermarkets' are nonetheless protected even if they coinciden-*

*tally mirror those of the sellers."* (Emphasis added.) *Id.,* 64 Ohio App.3d at 658, 582 N.E.2d at 652.

If it is not illegal for four persons to assemble and engage a car occupant in a conversation, surely it is not illegal for one person to so engage.

The officers in the instant case did not observe any drug transaction but "what appeared to be one," which also could easily have been an innocent conversation between friends. All citizens of this nation are protected equally by the Constitution no matter what their geographical location or what kind of activities may be carried on in those locations.

The state's argument that the stop was necessary because appellee was parked in an intersection is not persuasive. The normal procedure for the enforcement of a traffic violation is citation. Citizens are not ordered out of their cars in order to be cited for traffic violations unless the officers' safety is threatened. There is no evidence that Michael was cited for a traffic violation or that the officers were threatened by Michael's presence in the vehicle.

There is a legal difference between a search incident to arrest, which is an exception to a warrantless search restriction, *United States v. Chadwick* (1977), 433 U.S. 1, 14–15, 97 S.Ct. 2476, 2485, 53 L.Ed.2d 538, 550, and an arrest incident to a search. The latter requires a probable cause. *Mincey v. Arizona* (1978), 437 U.S. 385, 98 S.Ct. 2408, 57 L.Ed.2d 290; *Katz v. United States* (1967), 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576, 585. The United States Supreme Court, citing *Sibron v. New York* (1968), 392 U.S. 40, 63, 88 S.Ct. 1889, 1902, 20 L.Ed.2d 917, 934, held in *Smith v. Ohio* (1990), 494 U.S. 541, 543, 110 S.Ct. 1288, 1290, 108 L.Ed.2d 464, 467, that: " '[i]t is axiomatic that an incident search may not precede an arrest and serve as part of its justification.' "

The state admitted that Michael was not arrested until after the police discovered the cocaine in the search of the brown bag. We would assume so because the police did not have either probable cause to arrest him or any reasonable articulable suspicion that Michael committed any crime or was about to commit one. See *Terry v. Ohio, supra.* The state, however, argued that the search of Michael's bag and his subsequent arrest were constitutional because a search of the bag, which was in plain view, yielded contraband. This argument mirrored that made by the state of Ohio in *Smith v. Ohio, supra,* where the United States Supreme Court, in reversing the Ohio Supreme Court, held:

" * * * The court stated that petitioner was not arrested until after the contraband was discovered in the search of the bag. 45 Ohio St.3d [255], at 257, 258, 544 N.E.2d [239], at 241, 242. It nonetheless held that the search was constitutional because its fruits justified the arrest that followed.

*"That reasoning, however, 'justify[ing] the arrest by the search and at the same time ... the search by the arrest,' just 'will not do.' Johnson v. United States,* 333 U.S. 10, 16–17 [68 S.Ct. 367, 370, 92 L.Ed. 436, 442] (1948)." (Emphasis added.) *Smith* at 543, 110 S.Ct. at 1290, 108 L.Ed.2d at 467.

It is necessary that we address the plain view argument made by the state. The plain view doctrine is an exception to the Fourth Amendment requirement that a judicial warrant be issued before a search of a citizen's property is undertaken by the government. The plain view exception authorizes the seizure of an illegal object or contraband that is immediately recognizable as such when it is in plain view of the official without a necessity for a search warrant. It does not authorize the search of a container of which the officer cannot readily determine the contents and which may have items that are not necessarily contraband. In *State v. Meichel* (La.1974), 290 So.2d 878, 880, the court held that:

"It is well established that evidence in the open or plain view of a police officer who is legally on the premises from which he obtains the view is subject to seizure without a warrant. * * * The word 'evidence' in the formulation above is critical. A policeman does not have the right to seize any object in his view in order to examine it and determine if it is or would be evidence in a criminal prosecution. An object in open plain view may be seized only where it is readily apparent that the object is contraband or evidence." See *Dixon v. State* (1974), 23 Md.App. 19, 327 A.2d 516. See, also, *Warden v. Hayden* (1967), 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782.

Where a search is necessary to determine the contents of a bag, the items in that bag can no longer be said to be in plain view as contemplated by the law. Outside the exceptions enumerated, a search of such a container requires a judicial warrant because it is outside the plain view exception to the Fourth Amendment protection from warrantless searches and seizures.

In the instant case, the cocaine found by Cleveland police officers was not in plain view. The brown bag was. Since the officers did not have either probable cause or reasonable, articulable facts to believe that Michael had committed any crime or was about to commit one, and Michael was not placed under arrest, the search of the container in his vehicle and his subsequent arrest as a result of that search violated his Fourth Amendment protection from unreasonable search and seizure.

Accordingly, we affirm.

*Judgment affirmed.*

NAHRA, P.J., JOHN F. CORRIGAN and HARPER, JJ., concur.