OPINION
Arthur L. Cook, III ("appellant") appeals the January 31, 2001 judgment entry of sentence by the Lake County Court of Common Pleas. In particular, appellant appeals the denial of his motion to suppress the evidence. For the following reasons, we affirm the decision of the lower court as denying appellant's motion.
On January 8, 2000, at approximately 10:30 a.m., Patrolman Shawn Parker observed a vehicle exceeding the posted speed limit. Patrolman Parker activated his lights and stopped the vehicle. Due to the heavy traffic, Patrolman Parker approached the vehicle on the passenger side. Appellant and a passenger were inside the vehicle. Patrolman Parker informed appellant that he was stopped for speeding. Patrolman Parker observed a utility razor blade in the ashtray of the vehicle. He asked appellant its purpose. Appellant replied that it was used to change the fuses in the car. Patrolman Parker asked if he could see the ashtray. As the passenger handed Patrolman Parker the removable part of the ashtray, the razor fell onto the permanent part of the ashtray console. Patrolman Parker observed what appeared to be loose marijuana and marijuana "roaches" in the portion of the ashtray that was handed to him.
Appellant was arrested for possession of marijuana. A search of appellant's person revealed 11 small, white rocks and a small brown vial, later identified as cocaine base and phencyclidine. Appellant was charged with speeding and drug abuse under the Kirtland Hills ordinances. On April 3, 2000, appellant was indicted on two counts of possession of cocaine, each felonies of the fifth degree, in violation of R.C. 2925.11, and one count of aggravated possession of drugs, a felony of the fifth degree, in violation of R.C. 2925.11.
Subsequently, on June 7, 2000, appellant filed a motion to suppress the evidence. Appellant asserted that there was no probable cause or specific and articulable facts upon which to search his vehicle, i.e., the ashtray. Appellant argued the search of his person was not incident to a lawful arrest because he was unlawfully arrested for speeding and drug abuse, which are minor misdemeanors under sections 333.03 and 513.03 of the Kirtland Hills ordinances. Thereafter, the prosecution filed a memorandum in response. The prosecution argued that the police officer's request to see the ashtray did not require a warrant since it was voluntary. The state contended that, even assuming it was not voluntary, the officer had a right to demand the ashtray, containing a razor, because he was concerned for his safety and because its incriminating nature was immediately apparent. The prosecution also averred that appellant's arrest was lawful because drug abuse, in violation of section513.03(C-2) of the Kirtland Hills ordinances, was not a minor misdemeanor.
A suppression hearing was held on July 18, 2000. The sole witness was Patrolman Parker. In a judgment entry filed on August 22, 2000, the trial court denied appellant's motion to suppress the evidence. The trial court stated that the razor blade was in close proximity to appellant and could have been used as a weapon; thus, it was reasonable for the police officer to request it for his own safety. The trial court also indicated that, based on the plain view doctrine, the incriminating nature of the razor was immediately apparent to the officer since he testified that it was visible, that such a razor is used with drugs, and that, based on his training and experience, it was not uncommon to find drug paraphernalia in the ashtrays of vehicles. The trial court further determined that appellant voluntarily consented to the officer's request to see the ashtray. Finally, the trial court found that the search of appellant's person was incident to a lawful arrest since drug abuse, under section513.03(C-2) of the Kirtland Hills ordinances, was not a minor misdemeanor because the fine exceeded $100.
On September 6, 2000, appellant filed a written "no contest " plea to one count of possession of cocaine. The prosecution entered a nolle prosequi as to the remaining counts. The trial court filed a judgment entry on September 7, 2000, accepting appellant's plea. Subsequently, a sentencing hearing was held on July 18, 2000. Appellant was sentenced to 3 years of community control and 80 days in jail. Appellant was required to complete various programs, attend Alcoholics Anonymous meetings, and submit to random alcohol/drug screens. Appellant was also ordered to serve 200 hours of community service, maintain full employment, and obtain his G.E.D. Appellant's driver's license was suspended for 6 months. Appellant's sentence was journalized in a judgment entry filed on January 31, 2001.
On February 28, 2001, appellant filed a timely notice of appeal. Appellant asserts the following assignment of error for review:
 "The trial court erred to the prejudice of the defendant-appellant when it overruled his motion to suppress evidence found during a search of his person and his car following his unlawful arrest for minor misdemeanors, in violation of the Fourth and Fourteenth Amendments to the United States Constitution and Section 14, Article I of the Ohio Constitution."
In appellant's sole assignment of error, appellant contends the officer had no probable cause or specific and articulable facts upon which to base a search of his vehicle after he was stopped for a traffic violation. He argues that all evidence obtained should be suppressed. Appellant asserts the state failed to meet the final prong of the "plain view" doctrine because it was not shown that a razor blade has an incriminating nature. Appellant adds the officer did not testify that there was visible residue on the razor or that there were drugs in plain view. Appellant points out that he gave a legitimate reason for its purpose, and the fact that he had a razor in his car does not make it drug paraphernalia. He argues the officer had a mere hunch that the razor was being used for criminal activity. Appellant further contends that the search of his person was incident to an unlawful arrest because speeding and drug abuse under the Kirtland Hills ordinances are minor misdemeanors.
Briefly, it is necessary to note that appellant does not contest the validity of the traffic stop for speeding. Rather, appellant's arguments focus on the search of his vehicle, i.e., the ashtray, his arrest for possession of marijuana, and the search of his person, resulting in the finding of cocaine and phencyclidine.
We begin with the standard for reviewing a motion to suppress. At a hearing on a motion to suppress, a trial court, functioning as the trier of fact, is in the best position to evaluate the evidence, judge the credibility of the witnesses, and resolve the factual issues. State v.Mills (1992), 62 Ohio St.3d 357, 366. When reviewing a trial court's ruling on a motion to suppress, an appellate court is bound to accept the trial court's factual determinations if they are supported by competent and credible evidence. State v. Searls (1997), 118 Ohio App.3d 739, 741. Once an appellate court accepts the trial court's factual determinations as true, the appellate court must conduct a de novo review of the trial court's application of the law to those facts. Id.
In its August 22, 2000 judgment entry, the trial court set out the following facts:
 "On January 8, 2000, Patrolman Shawn Parker of the Kirtland Hills Police Department stopped Defendant, for speeding on Interstate 90 eastbound. Due to heavy traffic on the freeway, Patrolman Parker approached the vehicle from the passenger's side. As the Patrolman was speaking to the Defendant, he noticed a razor blade in the ashtray, and asked Defendant if he could see the ashtray. The passenger took out a portion of the ashtray, without the razor blade, and handed the ashtray to the officer. In the ashtray, Patrolman Parker observed what appeared to be loose marijuana and marijuana roaches. Parker asked if he could see the razor blade, which the passenger then handed to him. Defendant, when questioned about the purpose of the razor blade, told Parker it was used to remove fuses from the car. Patrolman Parker then ordered Defendant out of the car and placed him under arrest."
In making its factual determinations, the trial court was in the best position to evaluate the evidence, judge the credibility of the sole witness, Patrolman Parker, and resolve the factual issues presented in the evidence.
Upon examination of the record, there is no indication that Patrolman Parker was not credible or that his testimony was not competent. As such, we are bound to accept the trial court's factual findings as true since they are supported by competent and credible evidence. The focus of the appeal is on the officer's request to see the contents of the ashtray. Patrolman Parker testified that, when he asked to see the contents of the ashtray, as the passenger handed to him the removable part of the ashtray, the razor fell onto the permanent portion of the ashtray console. Patrolman Parker then testified that he was concerned about being cut with the razor since he had not run any information on the occupants. Patrolman Parker's testimony demonstrates that he was concerned the razor could be used as a weapon.
We must conduct an independent review of the law as applied to the trial court's factual findings. As stated above, appellant does not contest the validity of the traffic stop; therefore, we begin with Patrolman Parker's observation of the razor in the ashtray of appellant's vehicle, leading to the search of appellant's vehicle; i.e., the ashtray.
If the circumstances, attending an otherwise proper stop of a vehicle, give rise to reasonable suspicion of some other illegal activity, then the vehicle and the driver may be detained for as long as that new articulable and reasonable suspicion continues. State v. Venham (1994),96 Ohio App.3d 649, 655; State v. Retherford (1994), 93 Ohio App.3d 586,598. Reasonable suspicion must be based on specific and articulable facts. Reasonable suspicion is best described as requiring more than an inchoate suspicion or a "hunch," but less than the heightened level of certainty that is required for probable cause. State v. Seals (Dec. 30. 1999), 11th Dist. No. 98-L-206, 1999 Ohio App. LEXIS 6398, at 8, citingState v. Shepherd (1997), 122 Ohio App.3d 358, 364. However, the lawfulness of the initial stop cannot support a "fishing expedition" for evidence of another crime. Venham at 655, citing State v. Bevan (1992),80 Ohio App.3d 126, 129; see, also, State v. Inabnitt (1991),76 Ohio App.3d 586, 590.
The razor was in plain view in the ashtray of appellant's vehicle. The plain view exception to the Fourth Amendment warrant requirement authorizes the seizure of an illegal object or contraband that is immediately recognizable as such. State v. Davie (1993),86 Ohio App.3d 460, 464. A razor blade is a common item in the world of narcotic use. See State v. Earle (1997), 120 Ohio App.3d 457; State v.Giblin (Dec. 5, 2000), 5th Dist. No. 00CA00033, 2000 Ohio App. LEXIS 5694. Officer Parker was aware, based upon his experience, of the use of razor blades in illegal drug usage.
Even more important was the officer's stated concern for his personal safety in relation to the razor. A determination of the reasonableness of a particular police procedure, based upon protective concerns, depends upon balancing the public interest and an individual's right to personal security free from arbitrary interference by law officers. United Statesv. Brignoni-Ponce (1975), 422 U.S. 873, 878. The officer need not feel scared by the threat of danger, but must be aware of specific facts as would suggest to a reasonable person that he was in danger. State v.Evans, 67 Ohio St.3d 405, 1993-Ohio-186.
This court has recognized that a razor blade is a deadly weapon, capable of causing death. State v. Dykes (Nov. 29, 1996), 11th Dist. No. 95-L-108, 1996 Ohio App. LEXIS 5417. Officer Parker was justified in asking to see the contents of the ashtray based upon his observation of the razor blade, which he recognized could be used as a potential deadly weapon. That the razor blade fell into the car console during the transfer does not alter any initial safety concern he may have had upon first making the request. The activities of police officers can follow a sequential series of moments of decision. One observation or discovery can lead to another. The subsequent discovery often results in a conclusion probable cause exists in a particular case. State v. Hinkle
(Dec. 15, 2000), 11th Dist. Nos. 2000-P-0019 and 2000-P-0020, 2000 Ohio App. LEXIS 5932.
In the instant case, the time period that lapsed between the moment the razor fell from the ashtray and Patrolman Parker's observation of the loose marijuana and marijuana roaches in the ashtray was apparently minute, making the search legitimate. Patrolman Parker asked to see the contents of the ashtray. Patrolman Parker then saw what he believed to be marijuana in the ashtray. He had a legitimate reason, his personal safety, to request the ashtray. Patrolman Parker testified that he was fearful about being cut with the razor and that, at that point, he had not run any information on the occupants. That request (for the razor) led to the discovery of the marijuana, which in turn, resulted in the discovery of the crack cocaine, cocaine base, and phencyclidine. Under the totality of the circumstances, Patrolman Parker's request for the razor blade did not constitute an illegal search. The request for the razor, which was in plain sight, was based upon his reasonable concerns for his personal safety.
Additionally, in denying appellant's motion to suppress the evidence, the trial court concluded that appellant voluntarily consented to Patrolman Parker's request to see the ashtray. Upon our determination that the search of the ashtray was legitimate, it is not necessary to address the issue pertaining to the voluntariness of appellant's consent. Rather, we merely point out that there are instances where consent is voluntary and a valid consent to a search is an exception to the search warrant requirement. See Florida v. Jimeno (1991) 500 U.S. 248,251; Schneckloth v. Bustamonte (1973), 412 U.S. 218, 219.
For the foregoing reasons, Patrolman Parker's search of appellant's automobile and the subsequent seizure of the contraband were valid under the circumstances. The trial court correctly overruled appellant's motion to suppress evidence. Appellant's assignment of error is without merit.
The judgment of the Lake County Court of Common Pleas is affirmed.
JUDITH A. CHRISTLEY, P.J., concurs, ROBERT A. NADER, J., dissents with Dissenting Opinion.