I respectfully dissent from the majority opinion. I believe that the state failed to meet the final prong of the plain view doctrine by failing to demonstrate that the razor blade in appellant's ashtray was "immediately recognizable as an illegal object or contraband;" i.e. drug paraphernalia.
Under the plain view doctrine, a police officer may seize an item without a warrant, where: (1) the initial intrusion was lawful; (2) the discovery of the evidence was inadvertent; and, (3) the incriminating nature of the evidence was immediately apparent. State v. Williams
(1978), 55 Ohio St.2d 82, syllabus. Because there is no dispute here as to either the lawfulness of the initial police intrusion or the inadvertent discovery of the evidence, I begin my analysis by examining the third prong of the plain view doctrine, which requires that the incriminating nature of the evidence must have been "immediately apparent" to the seizing officer.
"The `immediately apparent' requirement of the `plain view' doctrine is satisfied when police have probable cause to associate an object with criminal activity." State v. Halcyszak (1986), 25 Ohio St.3d 301, paragraph three of the syllabus. Such association may arise from the character of the property itself or from the circumstances in which it is discovered. Id. at 304-305. Probable cause must "be viewed from the vantage point of a prudent, reasonable, cautious police officer on the scene at the time of [the search or] arrest guided by his experience and training." United States v. Davis (C.A.D.C., 1972), 458 F.2d 819, 821. "[The] seizure of property in plain view involves no invasion of privacy and is presumptively reasonable, assuming that there is probable cause toassociate the property with criminal activity." Payton v. New York,445 U.S. 573, 587.
The Supreme Court has stated that probable cause: "merely requires that the facts available to the officer would `warrant a man of reasonable caution in the belief,' * * * that certain items may be contraband or stolen property or useful as evidence of a crime; it does not demand any showing that such a belief be correct or more likely true than false. A `practical, nontechnical' probability that incriminating evidence is involved is all that is required. * * *" Texas v. Brown (1983),460 U.S. 730, 742. However, "[a] policeman does not have the right to seize any object in his view in order to examine it and determine if it is or would be evidence in a criminal prosecution. An object in open plain view may be seized only where it is readily apparent that the object is contraband or evidence." State v. Davie (1993), 86 Ohio App.3d 460,464.
In the instant case, Patrolman Parker testified that he observed appellant speeding, initiated a traffic stop, approached the vehicle from the passenger side, and informed the driver that he was speeding. While talking to the driver, Patrolman Parker testified, he observed a four-sided angled razor blade, like those typically used in utility knives, sitting in the open ashtray in plain view. Patrolman Parker stated that he asked "the driver if [he] could * * * look at the ashtray so [he] could see the razor blade just to see what its purpose was." The officer testified that appellant explained that the razor blade was used to change fuses.
Although Patrolman Parker testified that his main concern regarding the razor blade was his safety, when asked if he had ever known razor blades to be used with drugs, Patrolman Parker responded affirmatively and noted that drugs and drug paraphernalia are often found in ashtrays.
Patrolman Parker attested that he was not satisfied with appellant's explanation of the razor blade's use and, therefore, asked the driver if he could "take a look at the ashtray." As the passenger handed the ashtray to the officer, the razor blade fell out of the ashtray and onto the console of the car, where it remained. Upon receiving the ashtray, the officer observed "loose pieces of marijuana" and "marijuana joints." Patrolman Parker called for an additional unit to assist him, leaving the razor blade on the console, due to safety concerns. At that point, appellant was asked to step out of the vehicle and was placed under arrest for possession of marijuana; however, he was not arrested for possession of drug paraphernalia, i.e., the razor blade.
Based on the foregoing, the razor blade did not constitute an immediately recognizable illegal object or contraband. Although Patrolman Parker testified that he was not satisfied with appellant's explanation of the razor blade's purpose, he did not testify that he believed the razor blade was an illegal object or contraband, nor did he testify that he believed the razor blade might be used as a weapon. Patrolman Parker stated he was concerned that his hand could get cut while "moving [the razor blade] around within in the vehicle," not that he was threatened by the razor blade. The officer's testimony reveals that he seized the razor blade, in order to examine it and determine if it were evidence. A policeman does not have the right to seize an object in plain view to determine if it is evidence. Rather, the object may only be seized when it is readily apparent that the object is evidence.
In the instant case, the officer did not have a specific reason to link the razor blade to a crime, such as possession of drugs or drug paraphernalia, nor did he indicate his belief that appellant would use the razor as a weapon. While a razor blade may be a common item in the world of narcotic use, a razor blade alone, without a specific reason to link the item to a crime, does not constitute immediately recognizable drug paraphernalia. To hold otherwise would allow police officers to seize, without a warrant or probable cause, legal items used in the world of narcotics, such as mirrors, balloons, matches, and plastic baggies.
Based on the foregoing, the state failed to prove that the razor blade was an immediately recognizable illegal object or contraband. Although Patrolman Parker testified that razor blades are often associated with some drug use and that drugs are often found in ashtrays, he did not testify that he suspected that the razor blade in this case was drug paraphernalia. Instead, he testified that he asked to see the ashtray containing the razor blade because he was not convinced that appellant used it to change fuses. Essentially, Patrolman Parker wanted to inspect the razor blade to determine if it could be evidence. Thus, the razor blade was not an immediately apparent illegal object. Further, the fact that Patrolman Parker left the razor blade on the console demonstrates that Patrolman Parker's only safety concern regarding the razor blade was that his hand might get cut while handling the blade, and not that appellant or the passenger might use the razor blade as a weapon.
"When a police officer's objective justification to continue detention of a person stopped for a traffic violation for the purpose of searching the person's vehicle is not related to the purpose of the original stop, and when that continued detention is not based on any articulable facts giving rise to a suspicion of some illegal activity justifying an extension of the detention, the continued detention to conduct a search constitutes an illegal seizure. (State v. Robinette (1955),73 Ohio St.3d 650, paragraph one of the syllabus, modified.)" State v.Robinette (1987), 80 Ohio St.3d 234, paragraph one of the syllabus. In the case sub judice, appellant was stopped for speeding. Because Patrolman Parker lacked "any articulable facts giving rise to a suspicion of some illegal activity justifying an extension of the detention," the continued detention and subsequent search were illegal. See Robinette,
supra.
Despite the fact that Patrolman Parker unlawfully detained appellant and seized the ashtray, I will briefly analyze the issue of whether appellant consented to the search, since a valid consent is an exception to the search requirement. See, Florida v. Jimeno (1991), 500 U.S. 248,251; Schneckloth v. Bustamonte (1973), 412 U.S. 218, 219. "To rely on the consent exception of the warrant requirement, the state must show by `clear and positive' evidence that the consent was `freely and voluntarily' given." State v. Posey (1988), 40 Ohio St.3d 420, 427, citing Bumper v. North Carolina (1968), 391 U.S. 543, 548; State v.Danby (1983), 11 Ohio App.3d 38. Such a burden is "not satisfied by showing a mere submission to a claim of lawful authority." State v.Lyons (June 9, 2000), 11th.Dist. No. 99-L-067, 2000 Ohio App. LEXIS 2532, at *9, citing Florida v. Royer (1983), 460 U.S. 491, 497. As noted in the majority opinion, appellant handed the ashtray to Patrolman Parker, without objection, upon his request.
Upon review of the totality of the circumstances in the instant case, I cannot conclude that the state proved by clear and positive evidence that appellant, and/or his passenger, voluntarily consented to the search of the ashtray. Rather, appellant and his passenger merely submitted to a claim of lawful authority. Patrolman Parker, wearing a uniform and driving in a marked police cruiser, stopped appellant's vehicle. Once the officer initiated the traffic stop, neither appellant nor his passenger was free to leave. During a valid traffic stop, few motorists would feel free to disobey a directive by a police officer. See State v.Retherford (1994), 93 Ohio App.3d 586, 598. Therefore, the state failed to prove by clear and positive evidence that appellant and/or his passenger freely and voluntarily consented to the search of the ashtray. Without valid consent, the search of the ashtray was invalid and, consequently, all subsequent events, i.e., appellant's arrest for possession of marijuana and the search of his person, resulting in the discovery of crack cocaine, cocaine base, and phencyclidine, were improper. Accordingly, the trial court erred in denying appellant's motion to suppress the evidence.
Based on the aforementioned reasons, I respectfully dissent from the majority opinion and would reverse and enter judgment for appellant.