JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Robert Brent ("appellant") appeals from the judgment of the trial court, denying his motion to suppress, motion to continue a suppression hearing and his motion to withdraw his plea. For the reasons set forth below, we affirm the judgment of the trial court.
 {¶ 2} On August 18, 2002, Officer Bishop and Officer Prince of the Cleveland Police Department, using binoculars, observed appellant engage in what appeared to be a hand-to-hand drug transaction while driving an automobile. Police observed appellant drive away, then radioed for any nearby officers to pull over appellant. Officers Kutina and Bilko responded and, after following appellant and witnessing him fail to stop at a red light, pulled over appellant. Police ordered appellant out of his vehicle when he failed to produce identification and for security, after witnessing appellant make furtive movements. In plain view in the console of appellant's vehicle, officers noticed a white balled up napkin with what looked like marijuana sticking out of it and a plastic baggie tied together with suspected crack cocaine in it. Officers arrested appellant.
 {¶ 3} Appellant was thereafter indicted on one count of possession of drugs in violation of R.C. 2925.11. He pled not guilty to the indictment, which he later retracted and thereafter entered a plea of no contest. The trial court found the defendant guilty of possession of drugs, as charged in the indictment. Appellant was thereafter sentenced to six months incarceration. It is from this ruling that appellant now appeals, asserting three assignments of error for our review.
 {¶ 4} "I. The trial court erred in overruling the appellant's motion to suppress."
 {¶ 5} Appellant maintains that the trial court improperly denied his motion to suppress. Specifically, he avers that the police lacked the requisite reasonable suspicion to follow and subsequently detain appellant. We disagree.
 {¶ 6} When considering a motion to suppress, a trial court serves as trier of fact and is in the best position to resolve questions of fact and evaluate witness credibility. State v.Mills (1992), 62 Ohio St.3d 357. Accordingly, a reviewing court must defer to the trial court's findings of fact if supported by competent, credible evidence. State v. Darrah, Cuyahoga App. No. 81444, 2003-Ohio-2302, citing State v. Guysinger (1993),86 Ohio App.3d 592, 594. Furthermore, the state's burden of proof on a motion to suppress evidence is by a preponderance of the evidence. Athens v. Wolf (1974), 38 Ohio St.2d 237.
 {¶ 7} The Fourth Amendment to the United States Constitution prohibits warrantless searches and seizures, rendering them per se unreasonable unless an exception applies. Katz v.United States (1967), 389 U.S. 347. A common exception to theFourth Amendment warrant requirement is an investigative stop, orTerry stop. Terry v. Ohio (1968), 392 U.S. 1. Under Terry,
a police officer may briefly stop and detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that "criminal activity may be afoot," even if the officer lacks probable cause to make an arrest. Id.
 {¶ 8} The limitations imposed by the Fourth Amendment are developed in relation to the concrete factual circumstances of individual cases. Ornelas v. United States (1996),517 U.S. 690. That is,
 {¶ 9} "The principal components of a determination of reasonable suspicion or probable cause will be the events which occurred leading up to the stop or search, and then the decision whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to reasonable suspicion or probable cause." Id.
 {¶ 10} Reasonable suspicion to initiate an investigatory stop need not be based solely on an officer's personal observations.Adams v. Williams (1972), 407 U.S. 143. An officer may rely on information from other sources, such as other officers or a police radio dispatch. State v. Jones, 154 Ohio App.3d 231,2003-Ohio-4669 citing United States v. Hensley (1985),469 U.S. 221. In Jones, this court stated,
 {¶ 11} "This principle is in the notion that `effective law enforcement cannot be conducted unless police officers can act on directions and information transmitted by one officer to another and that officers, who must often act swiftly, cannot be expected to cross-examine their fellow officers about the foundation for the transmitted information." [Internal citations omitted.] Id.
 {¶ 12} The trial court found, as trier of fact and after resolving questions of fact and evaluating the witness' credibility, that the officers were justified in detaining appellant. We agree. Officer Bishop testified that he had five years of experience and training with the Cleveland Police Department. He stated that he was on patrol in a very high drug activity area on the day appellant was arrested. Officer Bishop and his partner saw appellant pull into a parking lot, where a male approached the car and the two conversed for a few seconds. The male walked away from appellant's car and reappeared within a few minutes. At that point, using binoculars, Officer Bishop saw appellant and the male engage in a hand-to-hand transaction, in which the male gave appellant a very small white object in exchange for money. Officers Bishop radioed for any patrol car in the area to perform a traffic stop on appellant because they believed, based on their experience and training, that an illegal drug transaction had occurred. At that point, Officers Kutina and Bilko identified appellant's car, followed him and witnessed him run a red light. Kutina and Bilko engaged their overhead lights. Appellant did not stop immediately, but did eventually pull over. Officer Kutina testified that he and Bilko approached appellant's vehicle with caution because of the fact that he had not stopped immediately and because he was fumbling around in the car making furtive movements. The officers suspected that appellant was attempting to conceal something, perhaps a weapon.
 {¶ 13} Officer Kutina asked appellant for identification, which he did not have. He then asked appellant to exit his vehicle. Officer Kutina noticed a white balled up napkin and protruding from it was what appeared to be marijuana and a baggie filled with crack cocaine.
 {¶ 14} We find that Officer Bishop had a reasonable suspicion supported by articulable facts that criminal activity was afoot. The contraband was thereafter discovered in plain view. As this court explained in State v. Davie (1993), 86 Ohio App.3d 460:
 {¶ 15} "The plain view doctrine is an exception to theFourth Amendment requirement that a judicial warrant be issued before a search of a citizen's property is undertaken by the government. The plain view exception authorizes the seizure of an illegal object or contraband that is immediately recognizable as such when it is in plain view of the official without a necessity for a search warrant."
 {¶ 16} In this case, both officers testified that the white napkin with marijuana and a baggie filled with crack cocaine in it was immediately recognizable as contraband
 {¶ 17} Furthermore, we note that a police officer may stop a vehicle based on probable cause that a traffic violation has occurred. Dayton v. Erickson (1996), 76 Ohio St.3d 3. Testimony at the suppression hearing demonstrates that Officer Kutina was justified in pulling appellant over, for a reason other than the drug transaction, namely the fact that appellant ran a red light. Thereafter, Officer Kutina testified that he saw the contraband in plain view.
 {¶ 18} We find that police were justified in briefly detaining appellant and that appellant's motion to suppress was properly denied. We therefore overrule this assignment of error.
 {¶ 19} "II. The trial court erred in failing to grant the appellant's request for a continuance in order to obtain a copy of the transcript of the preliminary hearing."
 {¶ 20} Appellant contends that the trial court erred in denying his motion to continue the suppression hearing to allow him more time to obtain a transcript of the preliminary hearing. We disagree.
 {¶ 21} A trial court is given broad discretion in deciding whether or not to grant a continuance of trial proceedings.State v. Unger (1981), 67 Ohio St.2d 65, syllabus. A reviewing court will not reverse the denial of a continuance absent an abuse of discretion. Id. "Abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. The Supreme Court of Ohio has explained this standard as follows:
 {¶ 22} "An abuse of discretion involves far more than a difference in * * * opinion * * *. The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an `abuse' in reaching such a determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." Huffman v. HairSurgeon, Inc. (1985), 19 Ohio St.3d 83, 87.
 {¶ 23} In Unger, supra, the Ohio Supreme Court set forth a balancing test to determine whether a motion for continuance should be granted. When evaluating a motion for continuance, a court should consider the length of delay, whether other continuances have been granted, the inconvenience to litigants, witnesses, opposing counsel and the court, whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived, whether the moving party contributed to the circumstances which give rise to the request for a continuance, and any other relevant factors, depending on the unique facts of each case. Unger, 67 Ohio St.2d at 67-68.
 {¶ 24} Appellant has failed to establish that the trial court acted unreasonably, arbitrarily or unconscionably in this case. The trial judge denied the motion to continue the suppression hearing, stating that appellant had ample time to obtain a transcript of the preliminary hearing. Specifically, the trial court noted that after appellant was arraigned on October 4, two pretrials were held, on October 23 and November 13. The journal entry from the November 13th pretrial indicates that the suppression hearing was scheduled for December 9, 2002, and appellant did not file a motion to continue the suppression hearing until that day.
 {¶ 25} Furthermore, we find that appellant has failed to demonstrate prejudice as a result of the trial court's actions. "Weighed against any potential prejudice to a defendant are concerns such as a court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice." State v. Unger, supra. Appellant has failed to allege that he suffered any prejudice as a result of the trial court's denial of his motion to continue the suppression hearing. AccordState v. Marshall (Feb. 25, 1999), Cuyahoga App. No. 73522; Inre Miller (Sept. 23, 1998), Summit App. No. 18872. Appellant merely mentions that defense counsel needed additional time to secure a copy of the preliminary hearing transcript, which he asserts without detail, was critical to the suppression hearing.[1] In weighing any potential prejudice to appellant against the trial court's right to control it's docket and the public's interest in the prompt and efficient dispatch of justice, we find that the trial court did not act unreasonably, arbitrarily nor unconscionably in denying appellant's motion to continue the suppression hearing. We therefore overrule this assignment of error.
 {¶ 26} "III. Absent an objection from the state, the trial court erred in failing to allow the defendant to withdraw his previously entered guilty plea."
 {¶ 27} Pursuant to Crim.R. 32.1, after sentence has been imposed, a trial court may permit a defendant to withdraw a guilty plea only to correct a manifest injustice. Crim.R. 32.1 provides:
 {¶ 28} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 29} A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court and will not be overturned on appeal absent an abuse of that discretion. Statev. Smith (1977), 49 Ohio St.2d 261, paragraph two of the syllabus; State v. Stumpf (1987), 32 Ohio St.3d 95, 104.
 {¶ 30} A trial court does not abuse its discretion in overruling a motion to withdraw (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request.State v. Peterseim (1980), 68 Ohio App.2d 211, paragraph three of the syllabus.
 {¶ 31} "A presentence motion to withdraw a guilty plea should be freely and liberally granted." State v. Xie (1993)62 Ohio St.3d 521, 526. On the other hand, a post-sentence motion to withdraw a guilty plea is subject to a more stringent standard and may be granted only to correct a "manifest injustice." Crim.R. 32.1; State v. Russ, Cuyahoga App. No. 81580, 2003-Ohio-1001." A criminal defendant seeking to withdraw a guilty plea after sentence has been imposed bears the burden of demonstrating a manifest injustice." Id.
 {¶ 32} This court defined "manifest injustice" in State v.Sneed Cuyahoga App. No. 80902, 2002-Ohio-6502, P13. "A manifest injustice is defined as a `clear or openly unjust act.' Another court has referred to it as `an extraordinary and fundamental flaw in the plea proceeding.' Again, `manifest injustice' comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her." (Citations omitted.)
 {¶ 33} In this case, we cannot say that the court abused its discretion by denying appellant's post-sentence motion to withdraw his guilty pleas because appellant failed to show a manifest injustice as required by Crim.R. 32.1. See State v.Smith (1977), supra. Appellant did not allege before the trial court, nor does he allege now on appeal, that a denial of his motion to withdraw his plea prejudiced him in any way, nor that it created some manifest injustice. We therefore overrule this assignment of error.
 {¶ 34} The judgment is affirmed.
Judgment affirmed.
Blackmon, P.J., and Karpinski, J., concur.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, P.J., and Karpinski, J., Concur.
[1] Interestingly, appellant chose not to make the transcript of the preliminary hearing a part of the record on appeal.