OPINION
{¶ 1} Jessica L. Lovett pled no contest to possession of heroin and to possession of criminal tools, both felonies of the fifth degree, after the Greene County Court of Common Pleas overruled her motion to suppress evidence. The court found her guilty and sentenced her to eleven months of incarceration on both counts, to be served concurrently. Lovett was subsequently granted a judicial release and placed on community control sanctions.
 {¶ 2} Sugarcreek Township police officer Timothy Fallis provided the sole testimony during the hearing on Lovett's motion to suppress, which revealed the following facts.
 {¶ 3} At approximately 2:34 p.m. on March 17, 2004, Officer Fallis was dispatched to CiCi's Pizza on Wilmington Pike in Sugarcreek Township. The dispatcher had reported that a female was either sick or unconscious behind the wheel of a van parked in the parking lot. When Officer Fallis arrived, he located a blue van, parked with the engine running. The officer parked his cruiser behind the van and approached the driver's side window. Officer Fallis observed Lovett in the driver's seat with her head resting against the window, apparently unconscious.
 {¶ 4} Officer Fallis knocked lightly on the driver's window. When he got no response, he gradually knocked harder. When Lovett still did not respond, the officer began to open the door. As Lovett began to fall out of the vehicle, she awoke with a jerk and, with the officer's assistance, sat up in her seat. Lovett then grabbed for the gear shift. Officer Fallis reached into the van, turned off the engine, and took Lovett's keys. Officer Fallis testified that Lovett was "real dry-mouthed" and it "kind of took awhile [for her] to get her factors [sic] together about where she was at or what she was doing." Lovett indicated that she had just eaten and was sleeping before she went to work. The officer asked Lovett if she was diabetic; Lovett responded that she was not.
 {¶ 5} During their conversation, Lovett reached in a "paddle-like fashion" to the right side of the driver's seat. Officer Fallis asked her to stop reaching. After she reached again, Officer Fallis leaned over and saw Lovett's purse lying open inside in the van. He became concerned for his safety, and he "took control" of Lovett's hands. At that point, Officer Fallis observed a plastic bag containing what appeared to be Xanax tablets in Lovett's open purse. Officer Fallis grabbed the purse and took it out of the vehicle. He did not ask if Lovett had a prescription for Xanax. As the officer continued to talk with Lovett, he removed the plastic bag from Lovett's purse. Underneath, he observed what appeared to be a syringe.
 {¶ 6} Fallis proceeded to ask Lovett questions regarding the syringe. He asked if she "was a user." Lovett responded that she was not. Lovett then stated that she was diabetic. She again denied that there were drugs inside. Officer Fallis stated, "Well, we'll send it off to the lab and we'll have it tested. I'll know what the substance is when it comes back from the lab." Shortly thereafter, Lovett admitted that there was heroin inside the syringe. At this juncture, additional officers arrived and Lovett was arrested. Although the timing is not clear from the record, sometime during his encounter with Lovett, Officer Fallis had received a report from the dispatcher that Lovett had a suspended driver's license. After Lovett's arrest, the police conducted a property inventory of her purse, which yielded additional evidence.
 {¶ 7} On May 13, 2004, Lovett was indicted for possession of heroin, in violation of R.C. 2925.11(A), and for possession of criminal tools, in violation of R.C. 2923.24(A). Lovett moved to suppress the evidence, arguing that the pills and the syringe were not in plain view when they were seized by the officer. The trial court overruled the motion, reasoning:
 {¶ 8} "The Court finds from the testimony and the evidence that the Officer had sufficient cause to rouse the Defendant who was apparently sleeping or unconscious in her motor vehicle. The Officer then observed in plain view the Defendant's open purse after the Defendant made motions toward the purse which raised Officer safety concerns in the mind of the Officer. After observing the pills and the way they were packaged in the Defendant's purse, the Officer also observed the syringe underneath the pills when they were removed from the purse. The syringe contained heroin.
 {¶ 9} "Based upon the evidence adduced at the hearing, the Court is of the view that the pills appeared to be contraband in plain view, and upon removing the same from the purse, resulted in the syringe containing heroin in plain view, and as a result was not unconstitutionally seized, and as a result, the Motion of the Defendant should be OVERRULED in its entirety."
 {¶ 10} Lovett raises two assignments of error on appeal.
1. "THE COURT ERRED IN FAILING TO SUPPRESS EVIDENCE GAINED IN VIOLATION OF APPELLANT'S CONSTITUTIONAL RIGHTS."
 {¶ 11} In her first assignment of error, Lovett challenges the trial court's denial of her motion to suppress. She contends that the search and seizure of her purse violated theFourth Amendment, because the state did not introduce evidence of the number of Xanax tablets that Officer Fallis saw prior to seizing the purse and because Officer Fallis failed to inquire about the possibility that Lovett legally possessed the drugs. Lovett further maintains that she was improperly questioned and coerced into admitting that the syringe contained heroin, because she was interrogated without being informed of her rights under Mirandav. Arizona (1966), 384 U.S. 436, 444, 86 S.Ct. 1602,16 L.Ed.2d 694.
 {¶ 12} In reviewing the trial court's ruling on a motion to suppress evidence, this court must accept the findings of fact made by the trial court if they are supported by competent, credible evidence. See State v. Morgan, Montgomery App. No. 18985, 2002-Ohio-268. However, "the reviewing court must independently determine, as a matter of law, whether the facts meet the appropriate legal standard." Id.
 {¶ 13} The Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution secure an individual's right to be free from unreasonable searches and seizures. A warrantless search and seizure by law enforcement personnel of an article or place in which an individual has a reasonable expectation of privacy is per se unreasonable, unless it falls within a recognized exception to the warrant requirement. Minnesota v. Olson (1990), 495 U.S. 91,110 S.Ct. 1684, 109 L.Ed.2d 85; State v. Miller (1991),77 Ohio App.3d 305, 602 N.E.2d 296. Receptacles that are closed and have been secured against intrusion, such as a closed purse, demonstrate that expectation of privacy. See State v. Jackson (Aug. 13, 1999), Montgomery App. No. 17605, citing United States v.Chadwick (1977), 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538.
 {¶ 14} The plain view exception authorizes the seizure, without the necessity of a search warrant, of an illegal object or contraband that is immediately recognizable as such when it is in plain view of a law enforcement official. Coolidge v. NewHampshire (1971), 403 U.S. 443, 465-466, 91 S.Ct. 2022,29 L.Ed.2d 564; State v. Davie (1993), 86 Ohio App.3d 460, 464,621 N.E.2d 548; see, also, Horton v. California (1990),496 U.S. 128, 136-137, 110 S.Ct. 2301, 110 L.Ed.2d 112. "Under [the plain view] doctrine, an officer may seize an item without a warrant if the initial intrusion leading to the item's discovery was lawful and it was `immediately apparent' that the item was incriminating." State v. Waddy (1992), 63 Ohio St.3d 424, 442,588 N.E.2d 819; see also State v. Kinley (1995),72 Ohio St.3d 491, 651 N.E.2d 419. Notably, the officer need not know that the items in plain view are contraband or evidence of a crime; it is sufficient that probable cause exists to associate the property with criminal activity. Arizona v. Hicks (1987), 480 U.S. 321,326, 107 S.Ct. 1149, 94 L.Ed.2d 347.
 {¶ 15} Upon review of the record, we find no fault with the trial court's conclusion that the plastic bag containing Xanax tablets and the syringe were properly seized under the plain view doctrine. When Officer Fallis first encountered Lovett, she appeared to be unconscious in a parked vehicle with the engine running. When she awoke, Lovett was "real dry-mouthed" and appeared "lost." Officer Fallis testified that Lovett had repeatedly reached toward her purse despite his request that she stop reaching. Officer Fallis was aware that Xanax is a prescription drug, and he testified that he had observed blue tablets which he believed to be Xanax, based on his past experience, in Lovett's open purse. Officer Fallis indicated that he did not believe that Lovett had a prescription for the medication because they were being transported in a plastic bag. Considering the totality of the circumstances, we agree with the state that Officer Fallis had probable cause to believe that the Xanax tablets were contraband. Although Officer Fallis could have inquired whether Lovett had a prescription for the pills, he was not required to know to a greater degree of certainty than probable cause whether Lovett, in fact, possessed the Xanax tablets illegally. In addition, we agree with the state that the number of pills is immaterial to whether the officer reasonably believed that the pills were contraband. Accordingly, the trial court properly concluded that Officer Fallis lawfully seized the plastic bag containing the Xanax tablets under the plain view doctrine. Moreover, once the bag was removed from Lovett's purse, the syringe was also lawfully removed under the plain view doctrine.
 {¶ 16} Next, Lovett claims that her Fifth Amendment rights were violated when Officer Fallis questioned her about the contents of the syringe without informing her of her Miranda
rights. As noted by the state, Lovett failed to raise aFifth Amendment argument before the trial court.
 {¶ 17} "An appellate court need not consider an error which a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." State v. Williams (1977), 51 Ohio St.2d 112,364 N.E.2d 1364, paragraph one of the syllabus. This is true even when the assigned error implicates constitutional issues. Bill'sCorner Café v. Ohio Liquor Control Com'r (Mar. 28, 1997), Clark App. No. 96-CA-93, citing State v. Childs (1968),14 Ohio St.2d 56, 62, 236 N.E.2d 545. By not presenting the trial court with her Fifth Amendment argument, Lovett has waived it on appeal.
 {¶ 18} Even if we were to address Lovett's argument, we would not agree with Lovett that she was in custody at the time that she told the officer that the syringe contained heroin. Although Lovett was seized and briefly detained at the time that she responded to Officer Fallis's questions, her freedom of movement was not curtailed to the degree associated with a formal arrest. See State v. Thomas, Montgomery App. No. 20643, 2005-Ohio-3064, ¶ 25-29. Thus, Lovett was not in custody for purposes ofMiranda, and she was not entitled to Miranda warnings prior to being questioned by Officer Fallis.
 {¶ 19} The first assignment of error is overruled.
 {¶ 20} 2. "APPELLANT WAS DENIED HER CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL."
 {¶ 21} In her second assignment of error, Lovett claims that her trial counsel rendered ineffective assistance by failing to argue that her incriminating statement to Officer Fallis was involuntary, in violation of the Fifth Amendment.
 {¶ 22} In order to demonstrate ineffective assistance of counsel, Lovett must establish that her counsel's representation fell below an objective standard of reasonableness and that she has been prejudiced by her counsel's deficient performance, i.e., that there exists a reasonable probability that, were it not for counsel's errors, the result of the Lovett's case would have been different. Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989),42 Ohio St. 3d 136, 538 N.E.2d 373. Trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. See Strickland, 466 U.S. at 689. Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel. See id.;State v. Parker, Montgomery App. No. 19486, 2003-Ohio-4326, ¶ 13.
 {¶ 23} The state asserts that Lovett's trial court reasonably chose not to challenge the incriminating statement, because the suppression of Lovett's statements would not have prevented the admissibility of the heroin. The state further asserts that Lovett was not prejudiced by her counsel's actions, because a finding that Lovett's Fifth Amendment rights were violated would not have resulted in the exclusion of the heroin, which was not derivative of her incriminating statement. We agree.
 {¶ 24} At the time that Lovett indicated that there was heroin inside the syringe, Officer Fallis had already lawfully seized the Xanax tablets and the syringe. Thus, exclusion of Lovett's statement would not have affected the admissibility of the syringe and the heroin. In addition, because the Xanax and the syringe had been lawfully seized and, thus, the heroin and criminal tools would have been admissible at trial, there is no reasonable probability that the result of Lovett's case would have been different had her attorney successfully sought to exclude her statement that heroin was in the syringe. Accordingly, Lovett was not prejudiced by her trial counsel's failure to assert a Fifth Amendment challenge.
 {¶ 25} The second assignment of error is overruled.
 {¶ 26} The judgment of the trial court will be affirmed.
Fain, J., concurs.